[No. 1845. Decided October 25, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. H. M. COSS, *Appellant, and* WILLIAM CHESTER, *Defendant.*

LARCENY — PROPERTY IN HANDS OF RECEIVERS OF UNITED STATES COURT — JURISDICTION OF STATE COURT — EVIDENCE.

A state court has jurisdiction to punish the crime of larceny committed by stealing the property of a railroad company which is in the hands of receivers appointed by the United States courts.

43—12 WASH.

In an indictment for larceny it is not necessary to allege in whose possession the property was at the time of the larceny, but it is sufficient to allege and prove that the property stolen was the property of another.

Where a confession has not been procured under the influence of fear produced by threats, it may be used in evidence against the defendant making it and against an accomplice.

*Appeal from Superior Court, Lincoln County.*

*Merritt & Salisbury,* for appellant.

*Jackson Brock,* Prosecuting Attorney, and *N. T. Caton,* for The State.

The opinion of the court was delivered by

DUNBAR, J.— The appellants were convicted of the crime of grand larceny. The information, omitting formal parts, is as follows:

"Said H. M. Coss and William Chester on the 11th day of October, 1894, at the county of Lincoln, State of Washington, did unlawfully and feloniously steal, take and carry away four thousand feet of sawed timber, of the value of $60, the property of the Northern Pacific Railroad Company, a corporation duly incorporated by and under the laws of the United States, which said Northern Pacific Railroad Company was at the dates herein named, and now is, in the hands of Thomas F. Oakes, Henry C. Payne, and Henry C. Rouse, receivers, appointed by the United States district court, for the district composed of the State of Washington, contrary to the form of the statutes," etc.

A demurrer was interposed to this complaint on the ground, first, that the court had no jurisdiction to try said cause; second, that the said information did not state facts sufficient to constitute any offense under the law. The contention of the appellant in support of this demurrer is that, inasmuch as the indictment alleges that the property alleged to have been stolen was

in the hands of receivers appointed by the United States court, the United States court alone has jurisdiction to try the defendants for stealing the property of the company which was in the hands of said receivers. We do not think this contention can be sustained. It is true that before the defendants can be convicted of larceny, the question of ownership of the property alleged to have been stolen must be established, but the indictment in this case plainly alleges ownership in the Northern Pacific Railroad Company, and only alleges the possession of the property in the United States receivers. It is not necessary under our code or under any system of pleading to allege in the indictment for larceny in whose possession the property is, but it is sufficient to allege and prove that the property stolen was the property of another. Sec. 266, 1 Wharton, Criminal Law, states the rule to be that:

" Offenses which are directed against the sovereignty of a state, or which directly affect the state or its population, are punishable in such state, notwithstanding the fact that such offenses are also directed against the sovereignty of the federal government, unless the constitution gives the federal government exclusive jurisdiction over the offense; and even where the federal courts have exclusive jurisdiction of one aspect of an offense, this does not prevent a state court from prosecuting another aspect of the same offense."

" Nor would a federal statute precluding state courts from prosecuting such aspects of an offense as are of state cognizance (e. g., passing counterfeit money as cheats on citizens) be constitutional." Wharton, commentaries on American Law, § 524.

" The states may constitutionally provide for punishing the counterfeiting of coin and the passing of counterfeit money, since these acts are offenses against the state, notwithstanding they may be offenses against

the nation also." Cooley, Constitutional Limitations (5th ed.), p. 25.

We think there can be no question but that the court assumed proper jurisdiction of this case, that the complaint stated the cause of action in every particular, and that the demurrer was properly overruled.

The next contention of the appellant is that the court erred in admitting the confession of the defendant Chester over the objections of the appellant on the ground that promises and inducements were held out to him if he would make such confession. Conceding that promises and inducements were held out to him to make the confession, there is no testimony in the case tending to show, nor is it claimed by appellant that there is any such testimony, that the confession admitted was made under the influence of fear produced by threats, and in the absence of any such influence our statute plainly puts this question at rest. Section 1308, Code of Procedure, provides that the confession of a defendant made under inducement, with all the circumstances, may be given against him, except when made under the influence of fear produced by threats.

The testimony objected to, then, having been properly admitted, and the testimony in the case being sufficient to sustain a verdict, the judgment will be affirmed.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

GORDON, J., not sitting.