[No. 3729.    Decided February 15, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED P. DENGEL, *Appellant*.

ROBBERY — SUFFICIENCY OF INFORMATION — OWNERSHIP OF PROPERTY TAKEN.

An information charging the crime of robbery is insufficient when it fails to allege ownership of the property taken in some one other than the defendant.

SAME — CONVICTION OF LESSER OFFENSE — INSTRUCTIONS.

Under an indictment or information charging robbery, the defendant may be convicted of the lesser offense of larceny, and, where the evidence tended to show a larceny rather than a robbery, it was error for the court, upon a prosecution for robbery, to refuse to instruct on the crime of larceny as included within the charge of robbery.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge. Reversed.

*Graves & Englehart*, for appellant.

*John J. Rudkin*, Prosecuting Attorney, for the State.

The opinion of the court was delivered by

REAVIS, C. J.—Defendant, together with one Cox and one Smith, was jointly informed against for robbery. The information charged the defendants jointly with robbery, committed as follows:

"That the said Fred P. Dengel, John Cox, and Annie Smith, on the 10th day of May, 1900, A. D., in the county of Yakima, state of Washington, then and there being, did then and there forcibly and feloniously take from the person of one Norman Stevens the sum of fifty-two dollars, lawful money of the United States, and of the value of fifty-two dollars, by violence and putting in fear him, the said Norman Stevens; contrary to the stat-

4-24 WASH.

ute in such cases made and provided, and against the peace and dignity of the state of Washington."

Defendant was tried separately, and declined the services of counsel until after a verdict of guilty was returned by the jury. The evidence for the state was that Stevens, while drunk and carousing in a house of ill-repute, became ill and went out into the yard in the rear of the house; and after dark, and while alone, a man whom he recognized as the defendant Dengel came up, and presented a pistol at him, and took fifty-two dollars in money from his person. No one else saw the alleged robbery. The defendant testified that he was at the house the night of the alleged robbery; that he saw Stevens sitting out in the rear of the house, in the dark, on a chair, and that Stevens was at the time drunk and unconscious; that defendant put his hand in Stevens' pocket and took out a twenty-dollar gold piece; that defendant had no pistol, and used no force in taking the money; and that Stevens made no resistance or outcry. After the verdict of guilty was returned, defendant, by counsel, moved for a new trial on the ground of errors of law occurring at the trial, and insufficiency of the evidence to justify the verdict, and that the facts stated in the information do not constitute a crime, in that the information does not allege the ownership of the money alleged to have been stolen.

1. It will be observed that no fact stated in the information negatives the ownership of the money taken from the person of Stevens in the defendant. The ownership is not alleged in another than defendant. Blackstone defines robbery as follows:

"Robbery is the felonious and forcible taking from the person of another of goods or money to any value by violence or putting in fear."

This is the common law definition of robbery. The statute (§ 7103, Bal. Code) reads:

"Every person who shall forcibly and feloniously take from the person of another, or from his immediate presence, any article of value, by violence or putting in fear, shall be deemed guilty of robbery, . . .."

2 Bishop on Criminal Law (8th ed.), par. 1159, observes:

"The indictment for robbery charges a larceny, together with the aggravating manner which makes it, in the particular instance, robbery. For example, the property is described the same as in larceny; the ownership is in the same way set out, and so of the rest."

This definition is cited with approval in *State v. Johnson,* 19 Wash. 410 (53 Pac. 667). The same author, in his work on Criminal Procedure (4th ed.), § 1006, declares that the ownership must be alleged and proved in robbery as in larceny; and the same rule has been announced under the California statute, which is substantially like the staute of this state. *People v. Vice,* 21 Cal. 345; *People v. Jones,* 53 Cal. 58; *People v. Ammerman,* 118 Cal, 23 (50 Pac. 15). And in Texas; *Smedley v. State,* 30 Tex. 214; *Barnes v. State,* 9 Tex. App. 128. In Missouri; *State v. Lawler,* 130 Mo. 366 (32 S. W. 979, 51 Am. St. Rep. 575). In Nevada; *State v. Nelson,* 11 Nev. 334. See, also, 3· Greenleaf, Evidence (15th ed.), § 224. The rule is stated in 18 Enc. Pl. & Pr., p. 1223:

"As a general rule it is necessary to charge the ownership of the property alleged to have been taken; but in some jurisdictions an erroneous allegation in this particular is held to be immaterial, as it is not, strictly speaking, of the gist of the offense."

Two cases have been brought to our attention holding that the allegation of ownership in another in the indict-

ment for robbery may be dispensed with. In *State v. Dilley,* 15 Ore. 70 (13 Pac. 648), it was so ruled. There the court observed:

"The indictment at common law would have been defective. It would have been necessary under that system to have averred specially to whom the money belonged. The fact that it might have belonged to the robber, and not to the person robbed, had to be negatived. . . . But our statute has dispensed with the necessity of so useless a requirement. It has provided, in express terms, what shall be a sufficient statement in an indictment for robbery, being armed with a dangerous weapon. (Crim. Code, § 71)."

Likewise in *Clemons v. State,* 92 Tenn. 282 (21 S. W. 525), it was determined that the omission of the allegation of ownership in another was not a fatal defect, on the ground, as stated by the court, that "the essential ingredients of the offense are the felonious and forcible taking from the person of another of goods of value by violence, and the indictment containing all the words of the statute was sufficient." We are not impressed sufficiently with the soundness of the reasons stated in these two cases to commend an omission of the statement of the essential elements of the crime. It is surely essential to prove that the property taken was in another than the defendant. Literally, the defendant may have committed every act charged in the information, and yet not be guilty of robbery or larceny. It is true, the legislature may state a form for the indictment and attach a definition to words used therein, which can then become the equivalent of the ordinary requirement of the indictment for robbery. But our attention has not been called to any such provision in our statutes.

2. It seems clear that, under an information for robbery, a conviction may be had for the lesser offense in-

cluded therein of larceny. It is stated in 18 Enc. Pl. &
Pr., p. 1233: "It is very generally held that a conviction
of larceny may be had upon an indictment for robbery;"
and the authorities cited support the text. It will be ob-
served that in the case of *State v. Johnson, supra,* the
provisions of our Code relative to description of the
money, the subject of larceny and embezzlement, were ap-
plied to robbery. The evidence of the defendant tended to
show a larceny,—that is, he denied the use of force and
violence and putting in fear, but admitted the taking of.
twenty dollars; and we think, under the circumstances,
too, that his question to the court at the trial, whether the
court would instruct on the subject of larceny, and his
exceptions to the instruction of the court, though infor-
mally made, were sufficient to require the court to instruct
upon the crime of larceny as included within the charge of
robbery, if the charge of robbery was correctly stated.

The judgment is reversed.

FULLERTON and ANDERS, JJ., concur.