[No. 4391.    Decided March 7, 1903.]

THE STATE OF WASHINGTON, *Respondent, v.* HARRY MORGAN, *Appellant.*

ROBBERY — SUFFICIENCY OF INFORMATION — ALLEGATION OF OWNERSHIP OF PROPERTY.

An information charging larceny committed by unlawfully and feloniously stealing and taking away certain property from the person of another is insufficient when it fails to allege the ownership of the property (*State v. Dengel*, 24 Wash. 49, followed).

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Reversed.

*S. A. Bostwick,* for appellant.

*H. D. Cooley,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant and one Corena Wright were jointly informed against by the prosecuting

attorney of Snohomish county for the crime of robbery. The information, omitting the formal parts, was as follows:

"Comes now H. D. Cooley, county and prosecuting attorney, in and for Snohomish county, state of Washington, and by this, his information accuses Corena Wright and Harry Morgan of the crime of larceny from the person, committed as follows, towit: That the said Corena Wright and Harry Morgan, at the city of Everett in the county of Snohomish and state of Washington, on the 4th day of March, 1902, did unlawfully and feloniously, but without violence or putting in fear, take, steal, and carry away from the person of one Frank Meeks, then and there being, one gold filled hunting case Elgin watch of the value of $20 and one gold band ring of the value of $5.00, all of the value of $25 in lawful money of the United States; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington."

A demurrer to the information was interposed by the defendants on the ground that it did not state facts sufficient to constitute a crime. The demurrer was overruled, whereupon the respondent entered a plea of not guilty, and demanded and was granted a separate trial. The trial resulted in a verdict of guilty as charged in the information, and he appeals from the judgment and sentence pronounced thereon.

It will be noticed that the information contains no allegation as to the ownership of the property alleged to have been taken from the person of Meeks, and the sole question presented by the record is, does this omission render the information insufficient? In *State v. Dengel,* 24 Wash. 49 (63 Pac. 1104), an information for robbery by violence and putting in fear which omitted to allege ownership of the property taken was held not to state a

crime.   It is urged, however, that there is a distinction between that case and the case at bar, in that the information in that case does not contain the word "steal" in its charging part, while the present one does contain such word.   But it seems to us that this distinction is not material.   The words "did feloniously steal and take," are no more effective to charge ownership of property than are the words "did feloniously take."   The case cited is squarely in point, and, being so, is controlling.

The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the information.

DUNBAR, MOUNT and ANDERS, JJ., concur.