[No. 8060. Department One. July 12, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. STERLING HALL, *Appellant*.[1]

INDICTMENT AND INFORMATION—STATUTORY LANGUAGE—ROBBERY. An information in the language of the statute is not sufficient in charging the crime of robbery or larceny from the person.

ROBBERY—INFORMATION—ALLEGING RIGHT TO PROPERTY—SUFFICIENCY. An information for robbery charging the forcibly taking of the property of A from the immediate presence of B, without showing any connection between A and B or the right of B to control and dominion over the property, is insufficient to sustain a conviction.

CRIMINAL LAW—APPEAL—AIDER BY VERDICT. The doctrine of aider by verdict does not apply in a criminal case where the information was insufficient to sustain a conviction.

CRIMINAL LAW—APPEAL—DECISION—EFFECT. Upon reversal of a conviction for robbery because the information failed to allege the right of the person robbed to control and dominion over the property taken, the accused is not entitled to a discharge, but the case will be remanded for further proceedings.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered February 20, 1909, upon a trial and conviction of robbery. Reversed.

*W. W. Zent*, for appellant.

*John Truax*, for respondent.

RUDKIN, C. J.—This is an appeal from a conviction of the crime of robbery under the following information:

"That the said Sterling Hall in the County of Adams, in the State of Washington, on or about the sixteenth day of October, one thousand nine hundred eight, then and there being, did then and there unlawfully, wilfully, forcibly, feloniously and by violence and putting in fear one G. E. Parsons, did then and there forcibly and feloniously take from the immediate presence of said G. E. Parsons certain articles of value, to wit: Twenty Dollars in lawful money of the United

[1]Reported in 102 Pac. 888.

States of America, the same being of the value of Twenty Dollars in lawful money of the United States of America and the same being the personal property and goods of another, to wit: The Spokane Merchants' Association, of Spokane, Washington, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Washington."

The sufficiency of the information is the only question presented for the consideration of this court. The appellant contends that the information is defective because it failed to allege that the property taken was in the possession of the prosecuting witness at the time of the alleged robbery. The respondent, on the other hand, contends that the information is in the language of the statute and is therefore sufficient, citing many cases to sustain that well-established general rule. There are many exceptions, however, to that general rule, and this court has held that the crime of robbery and the crime of larceny from the person fall within the exceptions, and not within the general rule. *State v. Dengel,* 24 Wash. 49, 63 Pac. 1104; *State v. Morgan,* 31 Wash. 226, 71 Pac. 723. In the *Dengel* case it was said that the defendant might have committed every act charged in the information, and yet not be guilty of the crime of robbery, because ownership of the property taken was not alleged in some person other than the defendant. In the case at bar the information does allege title to the property in a person other than the appellant, but title was not alleged in the person robbed, nor is any connection shown or alleged between the person robbed and the property taken. The information simply charged that the property of the Spokane Merchants' Association of Spokane was taken by the appellant from the immediate presence of G. E. Parsons.

As we understand the law, to constitute the crime of robbery the property must be taken from the person of the owner, or from his immediate presence, or from some person, or from the immediate presence of some person, having control and

dominion over it. For instance, if A takes the property of B from the immediate presence of C, by force or putting in fear, A is not guilty of the crime of robbery unless C had control and dominion over B's property at the time of the taking. For this reason the information is in our opinion defective and will not support a conviction. It was so held in *People v. Ho Sing*, 6 Cal. App. 752, 93 Pac. 204. The California statute there construed defines the crime of robbery as "The feloniously taking of personal property in the possession of another, from his person or immediate presence and against his will accompanied by means of force or fear." Our statute does not contain the words *in the possession of another*, but we think that control and dominion over the property taken in the person from whom or from whose presence the property is actually taken are necessarily implied. In *State v. Lawler*, 130 Mo. 366, 32 S. W. 979, 51 Am. St. 575, it was held that an indictment for robbery must charge the ownership of the property in the person alleged to have been robbed, and that it is not sufficient to allege ownership in one person and a taking in the presence of and against the will of another.

The respondent contends that any defect in the information in this regard was cured by the verdict, but the rule of aider by verdict has little or no application to criminal cases. The appellant on the other hand contends that he is entitled to his discharge upon a reversal of the judgment, but this contention is without merit. *State v. Riley*, 36 Wash. 44, 78 Pac. 1001; *State v. Burns, ante* p. 113, 102 Pac. 886.

We are of opinion that the court erred in denying the motion in arrest of judgment, and for that error the judgment is reversed and the cause is remanded for further proceedings.

FULLERTON, MORRIS, CHADWICK, and GOSE, JJ., concur.