[No. 13544.   Department Two.   January 18, 1917.]

THE STATE OF WASHINGTON, *Appellant*, v. L. J. MARTIN,

*Respondent.*[1]

CRIMINAL LAW—APPEAL—APPEAL BY STATE—ARREST OF JUDGMENT. Rem. Code, § 1716, subd. 7, expressly confers upon the state the right to appeal from an order granting a motion in arrest of judgment.

RECEIVING STOLEN GOODS—INFORMATION—SUFFICIENCY — NAME OF OWNER—STATUTES. Under Rem. Code, § 2601, making it larceny for any person, with intent to deprive the owner thereof, . . . knowing the same to have been so appropriated, to . . . receive . . . any property wrongfully appropriated in such manner as to constitute larceny, an information need not allege the name of the owner of the stolen property, where it charges that accused unlawfully and feloniously received certain cows from J. N. and W. T., knowing the same to have been stolen with intent to deprive the owner thereof of his property; since it is sufficient under §§ 2055 and 2066, to charge the offense substantially in the language of the statute in orderly and concise language so that a person of common understanding may know what is intended.

[1]Reported in 162 Pac. 356.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered January 22, 1916, granting a ·motion in arrest of judgment, after a trial and conviction of larceny. Reversed.

*J. D. McCallum*, for appellant.

*Wilson & McDermont* and *R. M. Dye*, for respondent.

WEBSTER, J.—Respondent was accused, and upon trial found· guilty, of the crime of larceny by receiving stolen property. From an order granting a motion in arrest of judgment, the state appeals.

Respondent moves to dismiss the appeal upon the ground that the state has no right of appeal from an order granting a motion in arrest. Rem. Code, § 1716, subd. 7, expressly confers upon the state the right to appeal from such order. The motion to dismiss will be denied.

It is contended that the information is fatally defective in that it fails to allege the name of the owner of the stolen property. This presents the only question for consideration. The prosecution is based upon Rem. Code, § 2601, the applicable portions of which read as follows:

"Every person who, with intent to deprive or defraud the owner thereof . . . 5. . . . knowing the same to have been so appropriated, shall . . . receive . . . any property wrongfully appropriated, whether ·within or outside of this state, in such manner as to constitute larceny under the provisions of this act—

"Steals such property and shall be guilty of larceny."

The essential elements. of the crime, therefore, are (1) the property must have been appropriated in such manner as to constitute larceny; (2) the accused must have known that the property had been so appropriated; (3) the property must have been received by him with the felonious intent to ·deprive or defraud the owner thereof. The charging· part of the information follows:

"That said L. J. Martin on the 4th day of November, 1914, at the county of Lincoln, state of Washington, did then and there unlawfully and feloniously receive from Jimmie Nee and William Thornburg personal property, to-wit: seven cows and three calves knowing said personal property to have been stolen with intent to deprive the owner thereof of his property, said cows and calves, the said property being then and there of the value of three hundred fifty ($350) dollars, coin of the United States of America."

It will be seen that it is inferentially though sufficiently alleged that the property was stolen (*State v. Druxinman*, 34 Wash. 257, 75 Pac. 814) ; that the accused knew it was stolen, and that he received it with the intent to deprive the owner thereof. Thus the elements of the crime seem to be charged. In stating the acts constituting the particular offense, for the purpose of identifying the transaction relied upon for conviction, the information alleges the names of the persons from whom the property was received, describes the property as being seven cows and three calves, and contains appropriate allegations of time and place. Under §§ 2055 and 2066 of the code, this court has consistently held that an information which charges the crime substantially in the language of the statute defining it, and states the acts constituting the offense in ordinary and concise language so that a person of common understanding may know what is intended, is sufficient. That many allegations which were considered to be indispensable in charging crimes at common law are not necessary under this rule is obvious. Especially is this true with respect to descriptive allegations merely. Indeed, the very purpose of the sections of the code referred to was to do away with many of the common law technicalities, and it must not be overlooked that the question presented in this case is whether the offense charged was sufficiently described. How could respondent fail to know either the crime with which he was charged or the particular offense or transaction upon which the state relied for conviction? While the information is inartificially drawn and is not to be ap-

proved as a model, when subjected to the test uniformly applied in this state it seems to be sufficient.

The cases holding that it is necessary to allege ownership in charging the crime of receiving stolen property, and there are many such cases, are based not upon the idea that ownership is an essential element of the crime, but that an allegation of ownership is necessary as a matter of description; that the transaction is identified not only by a description of the property, but also by the ownership; that identity of the property embraces the element of ownership as a necessary part of the description. The fundamental reason upon which these cases seem to be based is that the information or indictment must upon its face so completely identify the transaction that a judgment of conviction or acquittal would constitute a bar to a subsequent prosecution for the same offense. In view of the rule permitting parol evidence to be introduced for the purpose of identifying the offense where a plea of former jeopardy is interposed, this reason loses much of its force. These cases hold also that, if the name of the owner is unknown, an allegation to that effect will excuse the failure to state ownership. It is difficult to see how an allegation that the owner is unknown would in any manner tend to identify the offense for any purpose. Manifestly it would not furnish the accused any useful information nor assist him in the preparation of his defense; and if the judgment subsequently should be pleaded in bar of another prosecution, the identity of the offense would have to be established by looking to other descriptive allegations or by resorting to oral testimony. But no useful purpose can be served by further analyzing these cases. It is sufficient to say that they are not in keeping with the spirit of our code, nor in line with our decisions from territorial times to the present.

"The experience of advancing ages culminated in legislation that has done away with the refinements of technical pleading so far as criminal actions are concerned, refinements which were originally intended as safeguards to the

innocent, but the practical operation of which has been to protect the guilty from merited punishment. These refinements have given place to the simplicity of a statement of facts, and the law in the interest of justice to the state and to society has laid down the plain test mentioned above. And this is a test which appeals to common sense." *State v. Turner,* 10 Wash. 94, 38 Pac. 864.

In *State v. Ray,* 62 Wash. 582, 114 Pac. 439, where the crime charged was receiving stolen property, it was said:

"Appellant also argues that there was no proof that the stolen wheat was the property of the Northern Pacific Railway Company. There is no merit in this assignment, because it was shown that the wheat was taken from the possession of the railway company, and that company lost that amount of wheat. . . . *Also, because it was shown that the wheat was stolen wheat, and appellant knew that fact.*"

If it is necessary only to prove that the property was stolen, as this language clearly implies, then a failure to allege ownership would not render an information bad. Counsel for respondent cites *State v. Hall,* 54 Wash. 142, 102 Pac. 888; *State v. Morgan,* 31 Wash. 226, 71 Pac. 723, and *State v. Dengel,* 24 Wash. 49, 63 Pac. 1104. In *State v. Hall,* the court held merely that an information for robbery, which charged that property belonging to the Spokane Merchants Association had been feloniously taken *from the immediate presence* of one Parsons, but which did not allege that Parsons at the time was exercising control or dominion over the property, was insufficient. In both *State v. Morgan* and *State v. Dengel,* the charge was larceny from the person, and the court held the informations bad for failure to allege ownership. At first blush these cases may seem to be in conflict with our present views, but on closer study they will be seen not to be so. The crime of larceny from the person is an aggravated or compound larceny and necessarily includes all of the elements of simple larceny. Property cannot be stolen unless it is stolen from some one. Consequently one of the essential elements of simple larceny, and therefore

of larceny from the person, is ownership, and failure to make such allegation would be to omit one of the elements of the crime. This is true also of robbery. While receiving stolen property is defined by our statute as one of the ways of committing the crime of larceny, plainly the inherent nature of the transaction is not thereby changed. Receiving stolen property continues to be a sort of secondary crime based upon a prior commission of the primary crime of larceny. It presupposes, but does not include, larceny. Therefore the elements of larceny are not elements of the crime of receiving.

No case to which our attention has been called holds that ownership is an essential element of the crime of receiving stolen property. The well established rule, that it is generally sufficient to charge a statutory crime in the language of the statute creating it, applies only to those cases in which the statute defines the offense; that is to say, where the definition of the crime includes all of the essential elements. If confusion is to be avoided, the distinction between alleging essential elements and matters of description merely must be kept in mind.

The order granting the motion in arrest will be reversed, and the cause remanded with directions to pronounce sentence and enter judgment upon the verdict.

MORRIS, MOUNT, FULLERTON, and PARKER, JJ., concur.