[No. 39593.     Department Two.     November 7, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. WARREN HORTON JEFFERSON, *Appellant*.*

*Dale R. Martin*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Donald D. Skinner*, for respondent.

*Reported in 446 P.2d 971.

NEILL, J.—Defendant appeals from a conviction and sentence for grand larceny. He is charged with the taking of $260 in cash and a check made payable to "Marketime" from a cash register at Marketime Drugs.

The evidence establishes that, while a companion of the defendant diverted a clerk's attention, defendant reached in and took the money and the check from the cash drawer. The store security officer immediately took defendant into custody, at which time he still had the money and check in his possession. While in custody at the store, defendant made oral statements to the security officer and to a police officer. He later made a statement to a police officer while in custody at the city jail.

Defendant testified that he had not taken the money; that the money in his possession was his own; that he had not been properly advised of his constitutional rights; and that he had not made any of the alleged admissions.

The court held, following a Criminal Rule for Superior Court 101.20W suppression hearing, that the statements made at the store were inadmissible, but that the statement made at the jail was admissible.

At the conclusion of the suppression hearing, the court ordered a jury empaneled, whereupon the defendant announced that he was waiving a jury. The state concurred; so trial was before the same judge who had heard the evidence on the CrR 101.20W hearing. The judge commented on the fact that he would be sitting on a case in which certain statements of defendant were already known to him, even though portions thereof were inadmissible. No objection or request for a different judge was made by defendant.

Defendant first contends that the state failed to allege and prove an essential element of the crime of larceny, namely, the ownership of the money allegedly stolen. The information alleged that the stolen money belonged to "Marketime Drugs." Defendant argues that "Marketime Drugs" is not a legal entity capable of owning property which could become the subject matter of a larceny and

that there is no proof of ownership of the money being in any person or legal entity other than the defendant.

The crime with which defendant was charged is based on the following portion of RCW 9.54.010 (1):

> Every person who, with intent to deprive or defraud the owner thereof—
>
> (1) Shall take, lead or drive away the property of another; . . .
>
> . . . .
>
> Steals such property and shall be guilty of larceny.

Defendant cites and relies on *State v. Dengel,* 24 Wash. 49, 50, 63 Pac. 1104 (1901), a case of alleged robbery of which larceny is a lesser and included crime. We therein stated:

> It will be observed that no fact stated in the information negatives the ownership of the money taken from the person of Stevens in the defendant. The ownership is not alleged in another than defendant. . . .
>
> . . . .
>
> . . . It is surely essential to prove that the property taken was in another than the defendant. Literally, the defendant may have committed every act charged in the information, and yet not be guilty of robbery or larceny.

*Accord, State v. Morgan,* 31 Wash. 226, 71 Pac. 723 (1903). *Cf., State v. Martin,* 94 Wash. 313, 162 Pac. 356 (1917).

■ However, the case at bar is not one in which the information is silent as to the ownership of the stolen property. It specifically alleges that the stolen money was the property of "Marketime Drugs," thereby negating defendant's ownership of the money.

Defendant argues that "Marketime Drugs" is not a legal entity capable of owning property which could become the subject matter of a larceny because the records of the Secretary of State show the owner of the store in question to be "Roundup, Inc.," a Washington corporation. He also points out that the store in which the cash register was located was variously referred to in the record as "Marketime Drugs," "Marketime Drugstore on Empire Way South," "Marketime on Empire Way," "Marketime Drugstore," "Fred Meyer, Inc.," "Fred Meyer Marketime," "Marketime Marketbasket," and "Marketime, Inc."

■ The point which defendant overlooks, however, is that the evidence clearly establishes that at the time of the alleged crime the money involved was in the possession of a specified business enterprise, that the money belonged to this enterprise and not to defendant, and that defendant unlawfully took the money from this enterprise. The evidence shows that defendant did, in fact, "with intent to deprive or defraud the owner thereof . . . take . . . the property of another." The conviction need not be reversed merely because the legal name of this particular business enterprise may be something other than "Marketime Drugs" as alleged in the information.

In *State v. Easton*, 69 Wn.2d 965, 966, 422 P.2d 7 (1966), the defendant had been convicted of the crime of grand larceny. The information alleged:

> That the said defendant, Larry C. Easton, in the County of Spokane, State of Washington, on or about the 6th day of November, 1965, then and there being did then and there wilfully, unlawfully and feloniously, with intent to deprive and defraud the owner thereof, receive into his possession, conceal and aid in concealing and withholding property wrongfully appropriated and stolen, knowing the same to have been so wrongfully appropriated and stolen, to-wit: Social Security Insurance Check No. 46,917,768, dated August 3, 1965, in the amount of Ninety-five Dollars ($95.00), and *the property of and belonging to another.* (Italics ours.)

In affirming the conviction, we stated:

> It is not necessary under our code or under any system of pleading to allege in the indictment for larceny in whose possession the property is, but it is sufficient to allege and prove that the property stolen was the property of another. *State v. Coss*, 12 Wash. 673, 675, 42 Pac. 127 (1895).

Defendant would distinguish *State v. Easton, supra,* on the ground that therein the state did not know the identity of the true owner. He further calls our attention to cases from other jurisdictions in support of his position. We are not convinced that the distinction in facts in *Easton* is vital

nor are we inclined to adopt the strict rule apparently adopted in a few other jurisdictions. The language of the information and the proof thereunder are sufficient.

Defendant assigns error to the admission of the oral statement made by defendant to a police officer at the city jail. This statement was allegedly made while the defendant was being interrogated by a single officer in a closed room. Defendant denies making the statement and also contends that he was not warned of his rights prior to the interrogation. The officer testified that he fully warned defendant of his rights and that defendant made an oral statement admitting the crime. Even if we assume that such a "swearing contest" does not satisfy the heavy burden of proof required of the prosecution in establishing purported admissions (*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966); see *State v. Davis*, 73 Wn.2d 271, 438 P.2d 185 (1968)), a reversal is not required.

The trial court was aware of this difficulty and voiced some reservations in admitting the statement.[1] At the conclusion of the case, the court expressly excluded consideration of the statement when reaching his decision:

> But even excluding this statement made to Officer Cordas and excluding all other admissions in the case, the evidence is so overwhelming that he did this act that I find beyond a reasonable doubt that he is guilty of the charge of grand larceny.

■ Generally, trial errors which violate the constitution call for reversal unless it is clear beyond a reasonable doubt that the evidence complained of did not contribute to

---

[1]The court stated at the close of the pretrial suppression hearing: "So it is my ruling that he was sufficiently informed of his legal rights on the next morning and I find this did occur the next morning about 9:00 o'clock and that if the Prosecutor wishes to introduce the oral statements made on the following morning, he may do so. I think that is a matter of judgment for the Prosecutor. He undertakes some little hazard in the event this case is reviewed but he has to make that decision himself and I will admit it."

the conviction. *Chapman v. California,* 386 U.S. 18, 23, 17 L. Ed. 2d 705, 87 Sup. Ct. 824 (1967).[2]

When a jury is exposed to an invalid confession and then returns a general verdict of guilty, it is usually impossible to determine what effect the confession had upon their decision. An admission of guilt from the defendant's own lips may be quite persuasive to a layman sitting in the jury box and can reasonably be expected to color the jury's consideration of the other evidence in the case. As the Supreme Court stated in *Payne v. Arkansas,* 356 U.S. 560, 567, 2 L. Ed. 2d 975, 78 Sup. Ct. 844 (1958):

> Respondent suggests that, apart from the confession, there was adequate evidence before the jury to sustain the verdict. But where, as here, a coerced confession constitutes a part of the evidence before the jury and a general verdict is returned, no one can say what credit and weight the jury gave to the confession.

But a trial judge is able to weigh and exclude testimony and reach a decision without being influenced by the matters he has excluded. The judge in this case specifically excluded the statement in question from his consideration in arriving at a decision. There can be no question as to the credit and weight given to the confession. There was none.

---

[2]However, the Supreme Court in a number of earlier cases has held the introduction of an inadmissible confession requires reversal even though there was adequate admissible evidence to sustain the verdict. *Malinski v. New York,* 324 U.S. 401, 404, 89 L. Ed. 1029, 65 Sup. Ct. 781 (1945); *Haley v. Ohio,* 332 U.S. 596, 599, 92 L. Ed. 224, 68 Sup. Ct. 302 (1948); *Payne v. Arkansas,* 356 U.S. 560, 567, 2 L. Ed. 2d 975, 78 Sup. Ct. 844 (1958); *Spano v. New York,* 360 U.S. 315, 324, 3 L. Ed. 2d 1265, 79 Sup. Ct. 1202 (1959); *Haynes v. Washington,* 373 U.S. 503, 518, 10 L. Ed. 2d 513, 83 Sup. Ct. 1336 (1963); *Jackson v. Denno,* 378 U.S. 368, 376, 12 L. Ed. 908, 84 Sup. Ct. 1774 (1964). *See also Stroble v. California,* 343 U.S. 181, 190, 96 L. Ed. 872, 72 Sup. Ct. 599 (1952). This has led some authorities to the conclusion that the erroneous admission of a confession results in "automatic reversal", although the Supreme Court has not used those terms. See Note, 65 Mich. L. Rev. 563, 564 (1967). Each of those cases have involved a jury trial and usually the confession has been termed "decisive," "vital" or "prominent" in the trial. *See Culombe v. Connecticut,* 367 U.S. 568, 569, 6 L. Ed. 2d 1037, 81 Sup. Ct. 1860 (1961); *Rogers v. Richmond,* 365 U.S. 534, 545, 5 L. Ed. 2d 760, 81 Sup. Ct. 735 (1961); *Stroble v. California, supra.*

We therefore hold that the error, if there was any in admitting defendant's statement, does not call for reversal because there was no reasonable possibility that the evidence complained of might have contributed to the conviction. *Chapman v. California, supra; Fahy v. Connecticut,* 375 U.S. 85, 11 L. Ed. 2d 171, 84 Sup. Ct. 229 (1963).

The judgment and sentence is affirmed.

FINLEY, C. J., HILL and HAMILTON, JJ., and DONWORTH, J. Pro Tem., concur.