[No. 62-40443-1.    Division One.    December 22, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. WALTER JOHNSON, *Appellant*.

*Trethewey, Brink & Wilson* and *Daniel Brink,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Patricia Harber, Deputy,* for respondent.

UTTER, J.—A jury found Walter Johnson guilty of driving while under the influence of alcohol. His motions for arrest of judgment or a new trial were denied and he has appealed.

Two questions are raised by the assignments of error. Did the court err by giving instructions to the jury which indicated the defendant could be convicted of driving while under the influence of intoxicating liquor *or* drugs when there was no charge or evidence he was under the influence of drugs and was error committed by permitting the prosecuting attorney to inquire about his convictions for a similar misdemeanor.

The only charge against Johnson was that of driving while under the influence of intoxicating liquor. The testimony at the trial was directed solely to the question of establishing him to be under the influence of intoxicating liquor and conversely to negating this. The one reference to drugs during the trial was when the deputy prosecuting attorney inquired:

Q. Based upon your observation of the defendant's driving, any odor of alcohol on the defendant's breath, his balance and coordination and his speech, have you an opinion as to whether the defendant, at the time you stopped him on Highway 516, was under the influence of intoxicating liquor or drugs? A. Yes, I do. Q. What is that opinion? A. I feel as though Mr. Johnson was definitely under the influence of intoxicating liquor or drugs.

No objection to either these questions or answers was

made. No motion to strike the testimony was made and no instruction was requested which would have told the jury to disregard the testimony.

The instructions erroneously indicated to the jury the defendant was charged alternatively with being under the influence of intoxicating liquor or drugs, could be convicted if he was under the influence of intoxicating liquor or drugs, or a combination thereof, and that the operation of a vehicle while under the influence of drugs is unlawful.

The instructions were improper. The defendant was not charged with driving a motor vehicle while under the influence of drugs. The evidence was insufficient to consider the information amended to conform to the proof pursuant to CrR 101.04W(b). Inasmuch as the record clearly reflects no one was contending Johnson was under the influence of drugs, it would appear the mention of this in the testimony and instructions was merely a parroting of the statute.

██ Where the error in instructions is in favor of the party on whose behalf the verdict is returned, the error is presumed to be prejudicial and to furnish grounds for reversal, unless it affirmatively appears it was harmless. A harmless error is an error which is trivial or formal or merely academic and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. The standard used to determine whether error is harmless or prejudicial is to ascertain whether it presumptively affected the final result of the trial. *State v. Nist,* 77 W.D.2d 229, 461 P.2d 322 (1969); *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947), and cases cited therein. To determine this it is necessary for the court to examine the entire record.

If the court is unable to say whether the defendant would or would not have been convicted, but for the error committed, the error cannot be deemed to be harmless. *State v. Martin, supra.*

In determining whether the defendant would or would not have been convicted, but for the error committed, two distinctly different situations can exist.

The evidence of guilt can be so conclusively proven by competent evidence that no other rational conclusion can be reached except the defendant is guilty as charged. *State v. Martin, supra,* at 627. This standard has recently been clarified in *Nist* where, citing *Harrington v. California,* 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969), it held there must be " 'overwhelming' untainted evidence to support the conviction."

Alternately, due to the particular situation in which the claimed error arose, the court may be able to say there is no reasonable possibility the evidence complained of might have contributed to the conviction. *State v. Jefferson,* 74 Wn.2d 787, 793, 446 P.2d 971 (1968). This case fits within the rule stated in *Jefferson.*

The critical issue in the instant case was that of how much alcohol had been consumed and its affect on the defendant which, in turn, hinged on the credibility of the witnesses for the state and defense. Once the jury determined who it believed, there was ample evidence to support its verdict. The alleged error had nothing to do with the credibility of the witnesses or the question of the amount of alcohol consumed and its affect on the defendant.

An examination of the record convinces us beyond a reasonable doubt that the error must be categorized as harmless and not prejudicial to the substantial rights of the defendant. A thorough search of the record furnishes no basis upon which the jury could have speculated it was the theory of the state that Johnson was under the influence of drugs. This conclusion is supported by the failure of defense counsel to object to or seek to remove from the jury's consideration the inadvertent reference to drugs that did occur at the trial. The failure to act at a time when prejudice, if it existed, would have been apparent to all involved in the trial of the case convinces us no reversible error was committed.

There is competent evidence in the record which establishes the defendant's guilt. From our examination of the

record we are able to say there is no reasonable possibility the evidence complained of might have contributed to the defendant's conviction and the error committed is not reversible error.

Johnson asserts the court erred in permitting the prosecuting attorney to inquire about his convictions for a similar misdemeanor. He contends this is error inasmuch as only testimony of previous convictions which serve to discredit the witness were permitted under *State v. Payne,* 6 Wash. 563, 34 P. 317 (1893), and the statute therein interpreted, Hill's Code section 1647 (1891) (now RCW 5.60.040). He further urges showing a conviction of an identical misdemeanor is too prejudicial. These contentions are incorrect.

The court has ruled directly that RCW 10.52.030 abolishes the distinction between convictions of felonies and misdemeanors existing prior to that statute. *State v. Overland,* 68 Wash. 566, 123 P. 1011 (1912). RCW 5.60.040 was enacted prior to RCW 10.52.030. In interpreting RCW 10.52.030, which provides, "Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, . . ." the court has stated the statute contains no exceptions, and has consistently refused to recognize one. *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969). This state has recently affirmed its position that interrogation of a defendant regarding conviction of an identical crime is proper. *State v. Gandee,* 73 Wn.2d 978, 439 P.2d 400 (1968).

For the reasons stated herein the judgment of the trial court on the jury verdict is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.