[Nos. 11117–5–I; 11208–2–I. Division One. October 17, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL CRAIG LATHAM, ET AL, *Appellants.*

*Raymond H. Thoenig* and *Julie Kesler* of *Washington Appellate Defender Association,* for appellants.

*David S. McEachran, Prosecuting Attorney,* and *Randall J. Watts, Deputy,* for respondent.

SCHOLFIELD, J.—Defendants Daniel C. Latham and Joseph St. Dennis appeal their convictions, following jury trial, on two counts of first degree robbery.[1] We affirm each defendant's conviction on one count.

Evidence was presented of the following facts. On the evening of September 3, 1981, Larry Beniusis and Barry Thompson drove to Blaine, Washington, in a car owned by Beniusis. They stopped at a Blaine tavern. As Beniusis and Thompson were leaving the tavern, Latham and St. Dennis requested a ride. Beniusis agreed. The four left the tavern with Beniusis driving and Latham and St. Dennis sitting in the back seat. One of the defendants said "something about a party". Beniusis and Thompson were interested, and the defendants directed Beniusis to drive down a dirt road. He drove until the defendants said, "'This is far enough.'" Believing this was to be the site of the "party," Beniusis stopped the car. He got out, opened the trunk, and opened a beer. Beniusis also gave Latham a beer. Thompson got out of the passenger side and let St. Dennis out of the back seat. As Beniusis started to drink, Latham struck him in the face, knocked him to the ground, and beat and kicked

---

[1]RCW 9A.56.200(1)(c) provides:

"A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

". . .

"(c) Inflicts bodily injury."

him to unconsciousness. Thompson moved to intervene. St. Dennis hit Thompson and knocked him unconscious. Latham and St. Dennis then drove off in Beniusis' car.

Each defendant was charged with one count of first degree robbery against Beniusis and one count of first degree robbery against Thompson, arising from the theft of Beniusis' car.

After all of the State's witnesses testified on direct, the defense made a motion in limine to exclude evidence of St. Dennis' 1980 conviction for attempted second degree robbery. Defense counsel argued against the admissibility of the conviction, citing but not analyzing ER 609(a), *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980), and *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981). The prosecutor argued that "under the rules of evidence it is an admissible document for impeachment purposes and it should be granted in that it's a felony of a recent origin and that it should be admitted." The trial judge then ruled, without further elaboration, that "[t]he motion to exclude the prior conviction of Joseph St. Dennis will be denied."

Both St. Dennis and Latham thereafter testified. The two defendants introduced evidence they had long-standing histories of alcohol abuse, including blackouts, that they had been drinking heavily on the night in question, and that they had no recollection of the night's events. St. Dennis was asked about, and admitted, his conviction on "a robbery charge" during direct examination.

The defendants first contend their conduct could not, as a matter of law, constitute robbery of Barry Thompson because Thompson had no dominion and control over the stolen car. The State relies upon the language of RCW 9A.56.190 that "[a] person commits robbery when he unlawfully takes personal property from the person of another *or in his presence*" (italics ours), asserting that a person may be robbed if property is taken in his presence. We agree with the defendants.

A person must have an ownership interest in the property taken, or some representative capacity with

respect to the owner of the property taken, or actual possession of the property taken, for the taking of the property to constitute a robbery. In *State v. Hall,* 54 Wash. 142, 143, 102 P. 888 (1909), our Supreme Court held that the taking of property "from the immediate presence of" one who did not own the property and had no "connection" with the property stolen could not constitute robbery.[2]

> [T]o constitute the crime of robbery the property must be taken from the person of the owner, or from his immediate presence, or from some person, or from the immediate presence of some person, having control and dominion over it. For instance, if A takes the property of B from the immediate presence of C, by force or putting in fear, A is not guilty of the crime of robbery unless C had control and dominion over B's property at the time of the taking.

*State v. Hall, supra* at 143–44. The rule set forth in *State v. Hall* may be further illustrated by the following cases.

The deprivation of any ownership interest, including an undivided share, in the property taken, will support a robbery conviction. *State v. Refuge,* 300 So. 2d 489 (La. 1974). Also,

> [a] taking from one having the care, custody, control, management, or possession of the property is sufficient. Thus, the taking may be robbery where it is from the lawful possession of a bailee, agent, employee, or other representative of the owner . . .

(Footnotes omitted.) 67 Am. Jur. 2d *Robbery* § 14, at 38–39 (1973). *Accord, State v. Long,* 58 Wn.2d 830, 365 P.2d 31 (1961) (motel clerk) *rev'd sub nom. Draper v. Washington,* 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1962); *Clark v. State,* 527 S.W.2d 527 (Tex. Crim. App. 1975) (landlord). A robbery may also occur when a person is in possession of property without any legally recognizable claim thereto.

---

[2]The Code of 1881, § 829, then in effect, defined robbery as follows:
 Every person who shall forcibly and feloniously take from the person of another, or from his immediate presence, any article of value by violence or putting in fear, shall be deemed guilty of robbery[.]
There is no material difference between this language and that of RCW 9A.56.190.

Anyone having a right to possession superior to that of the robbery defendant is deemed to be the owner as against that defendant. *State v. Pokini,* 45 Hawaii 295, 367 P.2d 499, 89 A.L.R.2d 1421 (1961); *Clark v. State, supra.* A thief in possession may be a robbery victim, *State v. Pokini, supra;* 67 Am. Jur. 2d *Robbery* § 14 (1973), as may be a visitor in a business when ordered to remove money from a cash register, who thereby exercises dominion over the money. *People v. Moore,* 4 Cal. App. 3d 668, 84 Cal. Rptr. 771 (1970).

*State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), cited by the State, is not to the contrary. There, two counts of robbery were properly charged because each of two victims were deprived of personal property. Here, Thompson did not own the stolen car. He had no authority, express or implied, from Beniusis to act concerning the car, nor was the car in Thompson's possession when it was taken. Consequently, neither defendant could be convicted of robbing Thompson. Accordingly, we reverse each defendant's conviction on one count of robbery.[3]

The defendants next contend the trial judge erred in admitting, for impeachment purposes under ER 609(a), St. Dennis' prior conviction for attempted second degree robbery.

 Latham's contention in this respect is without merit. Even assuming arguendo a defendant may challenge impeachment evidence adduced against his codefendant, defense counsel did not argue at trial that Latham would be prejudiced if St. Dennis' prior conviction was admitted. No limiting instruction was requested nor was any motion to sever the defendants' trials made. To preserve a claim that evidence was improperly admitted for appeal, a party must object at trial and cannot rely on objections made by

---

[3]As the State advances no reason to exercise our discretion under the "concurrent sentence doctrine," *State v. Eppens,* 30 Wn. App. 119, 123, 633 P.2d 92 (1981); *State v. Rice,* 24 Wn. App. 562, 603 P.2d 835 (1979), we need not consider its application here.

a coparty. 4 C.J.S. *Appeal & Error* § 348 (1957); *Wolfe v. East Tex. Seed Co.,* 583 S.W.2d 481 (Tex. Civ. App. 1979). Also, if any prejudice caused by such an error could be obviated by limiting instruction, failure to request such an instruction waives the error. *State v. Moxley,* 6 Wn. App. 153, 491 P.2d 1326 (1971).

St. Dennis' prior conviction for attempted second degree robbery was properly admitted for the purpose of attacking his credibility under the provisions of ER 609(a)(2).

ER 609(a) reads as follows:

> **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

In *State v. Turner,* 35 Wn. App. 192, 665 P.2d 923 (1983), this court held, contrary to *State v. Zibell,* 32 Wn. App. 158, 646 P.2d 154 (1982), that robbery involves stealing and is a crime involving dishonesty. The same reasoning applies to attempted robbery.

Each defendant's conviction on one count of robbery alleging Thompson as the victim is reversed. Each defendant's conviction on the robbery count alleging Beniusis as the victim is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.

Review denied by Supreme Court January 6, 1984.