[Nos. 24861-8-I; 26532-6-I.   Division One.   February 18, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL R. GRAHAM, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. QUENTIN ERVIN, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *John E. Bell, Deputy,* for respondent.

PER CURIAM. — The appellants in these consolidated appeals challenge the sufficiency of the robbery informations filed against them. We affirm Ervin's conviction and deny Graham's motion to modify a commissioner's ruling affirming his conviction.

Ervin was charged in juvenile court with second degree robbery. The information alleged in pertinent part as follows:

> That the respondent . . . did unlawfully take personal property, to-wit: a leather jacket, from the person and in the presence of Mark Leen, against his will, by the use or threatened use of immediate force, violence and fear of injury to such person or his property . . ..

The court found Ervin guilty as charged.

Graham also was charged with second degree robbery. The information in his case alleged in pertinent part as follows:

> That the defendant . . . did unlawfully take personal property, to-wit: lawful United States currency, from the person and in the presence of Micheline Handley, against her will, by the use or threatened use of immediate force, violence and fear of injury to such person or her property . . ..

The jury found Graham guilty as charged.

Both Ervin and Graham contend for the first time on appeal that the informations in their cases were fatally defective because they failed to allege a nonstatutory element of the offense of robbery, *i.e.*, that the victim had ownership or dominion and control over the property taken. We disagree.

All essential elements of an alleged crime, whether statutory or nonstatutory, "must be included in the charging document in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared." *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). If, as here, the sufficiency of a charging document is not challenged until after the verdict, the charging document "will be more liberally construed in favor of validity . . .." *Kjorsvik*, at 102. The test for the sufficiency of charging documents challenged for the first time on appeal is as follows:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if

so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik*, at 105-06. When applying this test to nonstatutory elements, it is not fatal to an information that the exact words of the case law element are not used; rather, "the question . . . is whether all the words used would reasonably apprise an accused of the elements of the crime charged." *Kjorsvik*, at 109. Applying this test to the charging documents at issue here, we conclude that the informations were sufficient.

■ One of the elements of robbery which must be alleged in the information is that ownership of the property taken was in some person other than the defendant. *See generally State v. Dengel*, 24 Wash. 49, 63 P. 1104 (1901); *State v. Morgan*, 31 Wash. 226, 71 P. 723 (1903); *State v. Hall*, 54 Wash. 142, 102 P. 888 (1909); *State v. Rowan*, 84 Wash. 158, 146 P. 374 (1915); *State v. Steele*, 150 Wash. 466, 273 P. 742 (1929); *State v. Jefferson*, 74 Wn.2d 787, 446 P.2d 971 (1968). Ervin's and Graham's informations did not expressly allege this element. Nevertheless, under the first prong of *Kjorsvik*'s liberal construction test, the informations sufficiently alleged this element because they alleged that Ervin and Graham "unlawfully" took personal property "from the person" of their victims. An allegation that the defendant "unlawfully" took personal property implies that the defendant had no legal claim to the property,[1] and that ownership was in some person other than the defendant. Also, the allegation that the property was taken "from the person" of the victim indicates that the victim had actual possession of, and thus dominion and control over, the property taken. The ownership element of robbery is satisfied if the victim had actual physical possession of the property taken. *State v. Latham*, 35 Wn. App. 862, 865, 670 P.2d 689 (1983), *review denied*, 102 Wn.2d

---

[1] A taking may be lawful when the defendant alleges that the property he took was his own. *Kjorsvik*, at 110; *State v. Hicks*, 102 Wn.2d 182, 683 P.2d 186 (1984).

1018 (1984); 4 C. Torcia, *Wharton on Criminal Law* § 482 (1981); W. LaFave & A. Scott, *Criminal Law* § 94, at 693 (1972); 67 Am. Jur. 2d *Robbery* § 16, at 68-69 (1985). As noted in *Latham*, "[a] robbery may . . . occur when a person is in possession of property without any legally recognizable claim thereto. Anyone having a right to possession superior to that of the robbery defendant is deemed to be the owner as against that defendant." *Latham,* at 865-66.

Thus, a liberal and fair construction of the language in the informations shows that Ervin and Graham were reasonably apprised of the allegation that the property they took belonged to someone other than themselves.[2] The Washington cases cited by appellants are inapposite because they predate the advent of the liberal construction rule announced in *Kjorsvik.*

■ Ervin and Graham also have not satisfied the second prong of the liberal construction test because they have not shown actual prejudice resulting from any inartful language in the informations. In fact, they have advanced no argument whatsoever regarding prejudice. Considering that Ervin's defense at trial had nothing to do with ownership of the property,[3] it is difficult to see how he could have been prejudiced by any inartful wording in the information. Likewise, since Graham's defense at trial was based solely on identification, the vagueness of the information could not have prejudiced his defense.

■ Ervin also argues that the information in his case was defective because it failed to adequately allege the element of intent to steal. An essentially identical argument was rejected by the court in *Kjorsvik.* The information in *Kjorsvik* alleged that the defendant unlawfully, by use or threatened use of force, and against the victim's will, took

---

[2]Courts construing similar informations in other jurisdictions have reached the same conclusion even without applying the equivalent of our liberal construction test. *See, e.g., State v. Mason,* 279 N.C. 435, 183 S.E.2d 661 (1971).

[3]The defense argued at trial that though the coat was stolen and the victim was assaulted when he tried to retrieve the coat, those actions did not constitute robbery; rather, they constituted the separate crimes of theft and assault.

property while armed with a deadly weapon. *Kjorsvik*, at 110. In holding the information sufficient, the Supreme Court stated:

> It is hard to perceive how the defendant in this case could have unlawfully taken the money from the cash register, against the will of the shopkeeper, by use (or threatened use) of force, violence and fear while displaying a deadly weapon and yet not have intended to steal the money . . .. Giving the information charging this defendant a liberal construction in favor of its validity, reading it as a whole and in a common-sense manner, we conclude that it did inform the defendant of all the elements of robbery.

(Footnote omitted.) *State v. Kjorsvik, supra* at 110-11. The only material difference between the information in this case and the information in *Kjorsvik* is that the latter included the allegation that the defendant was armed with a deadly weapon. That slight difference does not warrant a different result in this case. The information at issue here adequately apprised Ervin of the element of intent to steal. *Kjorsvik* is controlling.

As previously noted, Ervin has not argued that the information prejudiced his defense in any way. Considering that Ervin's defense at trial had nothing to do with intent to steal,[4] it is difficult to see how Ervin could have been prejudiced by the information. Therefore, Ervin's argument regarding intent to steal fails both prongs of the *Kjorsvik* test.

We affirm Ervin's conviction and deny Graham's motion to modify.

---

[4] In fact, Ervin's counsel below conceded in closing argument that a theft had occurred.