[No. 34152-9-I.    Division One.    September 25, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JUSTIN
MATTHEW BACANI, *Appellant*.

*Eric Nielsen* and *Eric Broman*, for appellant.
*Norm Maleng, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

AGID, J. — Justin Matthew Bacani, a juvenile, appeals his conviction of attempted first degree robbery, in violation of RCW 9A.28.020, 9A.56.200(1)(a), and 9A.56.190. He contends the information was constitutionally defective because it failed to allege an essential nonstatutory element of the crime, i.e., that ownership of the property taken was in some person other than the defendant. Because we are constrained under *State v. Vangerpen*, 125 Wn.2d 782, 888 P.2d 1177 (1995), to apply the strict standard enunciated in *State v. Johnson*, 119 Wn.2d 143, 829 P.2d 1078 (1992), to the information in this case, we reverse.

## FACTS

By amended information, Bacani was charged with attempted first degree robbery and a violation of the Uniform Firearms Act.[1] During the fact-finding hearing the State presented testimony of the victims and police officers who apprehended Bacani and his codefendants. The defense called no witnesses. During closing argument, defense counsel challenged the sufficiency of the information on the same basis that is argued on appeal. The court rejected the challenge, but invited the State to amend the information to include the element the defense argued was missing. The State declined, and Bacani appealed.

## DISCUSSION

Bacani contends that the information was fatally defec-

---

[1]This count is not at issue on appeal.

tive because it failed to allege a nonstatutory element of the offense of first degree robbery, i.e., that the victims had ownership or dominion and control over the property taken. The State contends that the ownership element can fairly be implied from the language contained in the information.

■■ All essential elements of the charged crime, whether statutory or nonstatutory, must be included in the charging document so that the defendant may be informed of the charges against him and adequately prepare his defense. *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992); *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991). In *Kjorsvik*, the supreme court held that both statutory and nonstatutory elements of a crime must be included in charging documents. *Kjorsvik*, 117 Wn.2d at 101-02. When the sufficiency of the information is challenged prior to verdict, the charging language is strictly construed to determine whether all the elements of the crime are included. *Vangerpen*, 125 Wn.2d at 788 (where the sufficiency of the information is challenged after the State rests its case but prior to verdict, the liberalized standard of review set forth in *Kjorsvik* does not apply). In *Johnson*, the supreme court distinguished the liberalized standard applicable to postverdict challenges from the strict standard:

> The charging documents in these cases are not to be examined to determine whether the missing elements appear in any form, or by fair construction can be found, and the language must not be "inartful or vague" with respect to the elements of the crime. *See Kjorsvik*, at 106. Rather, due to the context of a pretrial challenge, we construe the charging language strictly; because each petitioner was simply charged with "unlawfully deliver[ing] a controlled substance", the informations failed to contain language clearly suggesting the requisite criminal intent.

119 Wn.2d at 149-50.

■ In this case, the information alleged in relevant part:

That the respondent, Justin Matthew Bacani, in King County, Washington, together with others, on or about 9 November 1993, did unlawfully attempt to take personal property, to wit: lawful United States currency, with *intent to steal* from the person and in the presence of Rebecca Frank and Molly Jorgensen, against their will, by the use or threatened use of immediate force, violence and fear of injury, to such persons or their property . . . .

(Emphasis added.) An essential nonstatutory element of robbery is that someone other than the defendant had an ownership or possessory interest in the property taken. *State v. Jefferson*, 74 Wn.2d 787, 446 P.2d 971 (1968); *State v. Graham*, 64 Wn. App. 305, 308, 824 P.2d 502 (1992); *State v. Latham*, 35 Wn. App. 862, 670 P.2d 689 (1983), *review denied*, 102 Wn.2d 1018 (1984). It is undisputed that this element was not expressly stated in the information.

The State argues that, even under a strict construction of the charging language, the information adequately conveys the notion that the property taken belonged to someone other than the defendant. In support of this argument, the State relies on *State v. Graham*. The *Graham* court determined that, under *Kjorsvik*'s liberalized construction test, the allegation that Graham " 'unlawfully' took personal property 'from the person' " of his victim was sufficient to notify the defendant of the ownership element. 64 Wn. App. at 308. *Graham* is inapposite here, however, because the liberal, rather than the strict, standard applied there. 64 Wn. App. at 307.

■ The State also contends that the "intent to steal" language in the information sufficiently informed Bacani of the ownership element because the word "steal" is commonly understood to mean the taking of someone else's property. This same argument was made and rejected in *State v. Morgan*, 31 Wash. 226, 71 P. 723 (1903). There, the supreme court ruled that an information alleging that the defendant " 'did feloniously steal and take[ ]' " certain property failed to charge that ownership of the property

was in someone other than the defendant. 31 Wash. at 228. *See also State v. Dengel*, 24 Wash. 49, 63 P. 1104 (1901) (the words "feloniously take from the person of [the victim]" were insufficient to allege the ownership element). These cases have never been overruled. Under *Morgan* and *Dengel*, language charging that the defendant stole property from another does not supply the missing element of ownership of the property. Logic clearly compels a different result. "Steal" means, "to practice theft: take the property of another." *Webster's Third New International Dictionary* 2232 (1969). One simply cannot steal that which belongs to him and can only steal the property of another. "Thou shalt not steal" has prohibited taking the property of another at least since Moses descended from the mountain with the Ten Commandments. The State charged Bacani with "unlawfully attempt[ing] to take [money], with intent to steal from" the victims. We are at a loss to understand what this could mean except that he tried to take *their* money from them. However, because *Morgan* is controlling, we are constrained to rule that, under *Johnson*'s strict construction test, the information charging Bacani with attempted first degree robbery was constitutionally deficient. The trial court therefore erred in denying Bacani's motion to dismiss.

We reverse the defendant's conviction and dismiss the charges without prejudice to the State's right to recharge and retry Bacani for attempted first degree robbery.[2]

KENNEDY, A.C.J., concurs.

GROSSE, J. (concurring) — The reasoning supporting the

---

[2]*See Vangerpen*, 125 Wn.2d at 792-93 (the remedy for reversible error based on an defective charging document is dismissal without prejudice to the State's right to refile the information.

1903 decision in *State v. Morgan*, 31 Wash. 226, 71 P. 723 (1903), is as dead as the judges who authored it.

Review denied at 129 Wn.2d 1001 (1996).