[No. 35185-1-I.   Division One.   June 3, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. MARY E. DOOGAN, *Appellant*.

*Jonathan T. Stier* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Tod J. Bergstrom, Deputy,* for respondent.

BECKER, J. — Mary Ellen Doogan appeals her conviction for second degree promotion of prostitution. Because Doogan was denied effective assistance of counsel when her trial attorney proposed—and the jury received—an instruction including an uncharged alternative means, we reverse the conviction and remand for a new trial.

Doogan operated an escort service known as "A Personal Touch." Two of her employees, Kristin Olson and Rebecca Lund, testified at trial about their work for Doogan and Doogan's knowledge of the sexual nature of their work. Each testified that she made house calls for A Personal Touch. Each call involved going to a customer's house or hotel room for fifty minutes. Most calls involved sexual acts. Olson and Lund received $150 from each customer, and met Doogan after each call to give her a fifty to sixty dollar share.

## I.

Promotion of prostitution in the second degree is a crime

that may be committed by two alternative means: profiting from prostitution, or advancing prostitution.[1] The State charged Doogan only with profiting from prostitution.

The instructions proposed by Doogan allowed the jury to convict if it found that she had committed the crime either by the charged means or by the uncharged alternative means of advancing prostitution. The State took no exception, and the court gave the instructions.

██ It is reversible error to try a defendant under an uncharged statutory alternative because it violates the defendant's right to notice of the crime charged.[2] But the error in this case has not been preserved for review. The invited error doctrine precludes review of any instructional error—even one of constitutional magnitude—where the challenged instruction is one that was proposed by the defendant.[3]

██ Invited error is not a bar to review of a claim of ineffective assistance of counsel.[4] Doogan claims that trial counsel, in proposing the erroneous instruction, was ineffective. To prevail in a claim of ineffective assistance of counsel, Doogan must show that her counsel's conduct was deficient and that the conduct resulted in actual prejudice.[5]

There is a strong presumption that counsel's conduct

---

[1]RCW 9A.88.080.

[2]*State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988).

[3]*State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990).

[4]*See State v. Gentry*, 125 Wn.2d 570, 646, 888 P.2d 1105 (in capital case, invited error bars review of erroneous instruction proposed by defense, but does not bar review for ineffective assistance of counsel), *cert. denied*, ___ U.S. ___, 116 S. Ct. 131 (1995); *State v. Carpenter*, 52 Wn. App. 680, 684–85, 763 P.2d 455 (1988) (reaching merits of ineffective assistance of counsel claim after precluding direct review by invited error doctrine).

[5]*State v. Jeffries*, 105 Wn.2d 398, 418, 717 P.2d 722 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)), *cert. denied*, 479 U.S. 922 (1986).

was not deficient.[6] This court may not sustain the claim of ineffective assistance if there was a legitimate tactical reason for the allegedly incompetent act.[7]

At an earlier trial of Doogan, which ended in a mistrial, Doogan requested the same erroneous instructions including the uncharged alternative, but the trial court gave instructions only on the charge of profiting from prostitution. The State argues that in this second trial, Doogan's trial attorney may have "planted" the error as a strategic ploy to set up this very issue for appeal. The record does not support a conclusion that the State was blindsided; the State had the opportunity to review the court's proposed instructions and could have pointed out the error before the instructions went to the jury. We see no reason to suppose that defense counsel's proposal of inadequate instructions was anything but inadvertent.

As to the prejudice prong of the test for ineffective assistance of counsel, Doogan has the burden of showing:

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *A reasonable probability is a probability sufficient to undermine confidence in the outcome.*[8]

The error of offering an uncharged means as a basis for conviction is prejudicial if it is possible that the jury might have convicted the defendant under the uncharged alternative.[9] Here, there is a reasonable possibility that the jury convicted Doogan on the uncharged means of advancing prostitution without ever considering whether, as charged, she profited from prostitution. The uncharged means (advancing) covers a wider range of activity than

---

[6]*State v. McFarland*, 127 Wn.2d 322, 355, 899 P.2d 1251 (1995).

[7]*State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994).

[8]*State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987) (quoting *Strickland*, 466 U.S. at 694) (emphasis added in *Thomas*).

[9]*Bray*, 52 Wn. App. at 34; *State v. Severns*, 13 Wn.2d 542, 549, 552, 125 P.2d 659 (1942).

the charged means, as is shown by the court's instruction that defines the two alternatives:

> Prostitution means that a person engaged or agreed to engage in sexual conduct with another person in return for a fee.

> The term advances prostitution or advanced prostitution means that a person, acting other than as a prostitute or as a customer of a prostitute, caused or aided a person to commit or engage in prostitution or procured or solicited customers for prostitution, or provided or solicited customers 'for prostitution, or provided persons or premises for prostitution purposes or operated or assisted in the operation of a house of prostitution or a prostitution enterprise, or engaged in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

> The term profits from prostitution or profited from prostitution means that a person, acting other·than as a prostitute receiving compensation for personally rendered prostitution services, accepted or received money or other property pursuant to an agreement or understanding with any person whereby she participated or was to participate in the proceeds of a prostitution activity.[10]

The jury heard evidence of numerous things that Doogan did that would satisfy the definition of advancing prostitution even if it did not consider or believe the evidence that she financially participated in the proceeds received by Olson and Lund. The abundance of evidence to support a conviction for advancing prostitution "serves only to increase the likelihood that the error . . . was prejudicial."[11] In these circumstances we cannot have confidence that the error did not affect the outcome of the trial.

## II.

██ Doogan additionally has assigned error to the trial

---

[10]Instruction 7.

[11]*Bray*, 52 Wn. App. at 36.

court's failure to give a *Petrich*[12] instruction requiring the jury to be unanimous as to which of several criminal acts supports the conviction. An alleged *Petrich* error may be raised for the first time on appeal.[13] "When the evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected."[14]

Under appropriate facts, either advancing prostitution or profiting from prostitution can be charged as a continuous course of conduct exempt from the rule of *Petrich*.[15] Doogan characterizes the evidence as showing she committed multiple acts of promoting prostitution. The State characterizes her actions as a continuing course of conduct, exempt from the rule of *Petrich*.

"To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner."[16] In support of her contention that the evidence showed multiple specific acts, Doogan emphasizes the distinct acts of prostitution by Olson and Lund, occurring at different times and in different places. But their individual acts of prostitution were not what Doogan was charged with. The jury did not need to agree that Olson or Lund had committed a particular act of prostitution in order to find that Doogan was profiting from their activities.

As indicated by the nature of the crime, profiting from prostitution tends to be the result of an ongoing business-like enterprise rather than a discrete event. The essence of the crime is that the defendant has made money from prostitution activity, without actually being a prostitute,

---

[12]*State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1994).

[13]*State v. Carothers*, 84 Wn.2d 256, 262, 525 P.2d 731 (1974).

[14]*Petrich*, 101 Wn.2d at 572.

[15]*State v. Elliott*, 114 Wn.2d 6, 12, 785 P.2d 440, *cert. denied*, 498 U.S. 838 (1990); *see also State v. Barrington*, 52 Wn. App. 478, 761 P.2d 632 (1988); *State v. Gooden*, 51 Wn. App. 615, 754 P.2d 1000, *review denied*, 111 Wn.2d 1012 (1988).

[16]*Petrich*, 101 Wn.2d at 571 (citations omitted); *accord State v. Crane*, 116 Wn.2d 315, 330, 804 P.2d 10 (1991), *cert. denied*, 501 U.S. 1237 (1991).

through an agreement to share in the proceeds. The State must establish that the defendant has made money under such an agreement. The facts showed that Olson and Lund, and other women who did not testify, turned over to Doogan money they had earned as prostitutes. The evidence that Doogan received the money pursuant to a business agreement or understanding arose inferentially from the testimony as a whole. In the context of child abuse, we have observed that facts showing a "systematic pattern of abusive conduct" lend themselves to the continuing course exception.[17] Here, the facts showed a systematic pattern of exploitative conduct, and we conclude that under the continuing course exception there was no need for a unanimity instruction.

Reversed and remanded.

COLEMAN and ELLINGTON, JJ., concur.

___

[17]*State v. Craven*, 69 Wn. App. 581, 588, 849 P.2d 681, *review denied*, 122 Wn.2d 1019 (1993).