[No. 15217-1-III.   Division Three.   February 11, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB BRIAN RALPH, *Appellant*.

---

*Lorinda S. Noble*, for appellant.

*John G. Wetle, Prosecuting Attorney*, and *Gina A. Ghramm-Tveit, Deputy*, for respondent.

THOMPSON, J. — Jacob Ralph appeals the court's order denying his motion to dismiss a charge of theft of a firearm. He contends the charging document did not contain the elements of the crime and was therefore constitutionally deficient. He claims the court used the wrong legal standard in denying his motion. We reverse.

On May 29, 1995, Mr. Ralph, age 15, broke into Clark's All Sports and took several handguns. He also broke into a jewelry store and took some jewelry. On July 6, 1995, the State charged Mr. Ralph with one count of theft of a firearm, one count of first degree theft and two counts of second degree burglary. The information stated, in part,

he violated RCW 9A.56.300 "in that [he] on or about June 1, 1995, in Stevens County, Washington, did then and there steal firearms from Clark's Sporting Goods." On August 23, the State amended the information to change the date of the crime to May 29, 1995, and the name of the store to Clark's All Sports. No other changes were made. Mr. Ralph pleaded guilty to one count of second degree burglary and the count of first degree theft. He pleaded not guilty to the other count of second degree burglary and one count of theft of a firearm. He went to trial on those charges.

After the State and defense rested, Mr. Ralph moved to have the theft of a firearm charge dismissed because the information was constitutionally deficient in that it did not include all the elements of the crime. The court heard arguments on this issue and denied the motion to dismiss. The court applied the standard in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), and concluded a common-sense reading of the information was sufficient and no prejudice was established. The court found Mr. Ralph guilty of second degree burglary and theft of a firearm. Mr. Ralph now appeals his conviction of theft of a firearm.

■■■ Mr. Ralph contends the court used the wrong standard in ruling on his motion to dismiss based upon insufficiency of the charging document. All necessary elements of the crime charged must be included in an information such that the accused understands the charges against him and can adequately prepare a defense. *State v. Bacani*, 79 Wn. App. 701, 703, 902 P.2d 184 (1995), *review denied*, 129 Wn.2d 1001 (1996). The manner in which an information is reviewed to determine sufficiency depends upon when the matter is brought before the court. An information which is not challenged until after the verdict is liberally construed in favor of validity. *Kjorsvik*, 117 Wn.2d at 102. In order to establish an information's insufficiency after the verdict, a defendant must establish (1) the necessary elements of the offense are not in the information in any form, and (2) how the defendant was

prejudiced by the faulty information. *Id.* at 105-06. When an information is challenged pretrial, an information is strictly construed. *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992). If the information fails to state the necessary elements, then the information is insufficient. *Id.*

Mr. Ralph contends the strict construction rule set forth in *Johnson* applies, while the State contends the liberal rule set forth in *Kjorsvik* applies. In the present case, the motion to dismiss the information came after both sides had rested. The liberal interpretation rule set forth in *Kjorsvik* does not apply when the defendant challenges the sufficiency of the evidence any time before the verdict. *State v. Vangerpen*, 125 Wn.2d 782, 788, 888 P.2d 1177 (1995) (defendant moved for dismissal for insufficient information after both sides had rested). *Vangerpen* is controlling in this case and the information should be strictly construed. Thus, if the information does not state the elements of theft of a firearm, it is insufficient.

A person is guilty of the crime at issue in this appeal when they "commit[ ] a theft of any firearm." Former RCW 9A.56.300(1). The definition of theft in RCW 9A.56.020 applies to this section. Former RCW 9A.56.300(4). Theft means to wrongfully obtain or exert unauthorized control over the property of another with the intent to deprive. RCW 9A.56.020(1)(a). Mr. Ralph contends the information fails to allege two elements: (1) ownership by someone other than him, and (2) intent to deprive. The State contends that the word "steal" adequately sets forth the essential elements of the crime. The information need not use the exact words of a statute so long as the words used adequately convey the same meaning. *State v. Hale*, 65 Wn. App. 752, 755, 829 P.2d 802 (1992). Under the rule set forth in *Johnson*, the language in the information is strictly construed and facial deficiencies are not upheld. *Johnson*, 119 Wn.2d at 150.

██ ██ Steal means "the felonious taking and carrying away of the personal property of another, and without

right and without leave or consent of [the] owner, and with intent to keep . . . ." BLACK'S LAW DICTIONARY 1413 (6th ed. 1990). The use of the word steal logically could convey the requisite elements of theft of a firearm. However, case law states "steal" does not infer the ownership element of a crime. *State v. Morgan*, 31 Wash. 226, 228, 71 P. 723 (1903). Given *Morgan*, and the strict construction rule set out in *Johnson*, we are constrained to rule that an information which contains the word "steal" but fails to include the ownership element is constitutionally deficient. *Bacani*, 79 Wn. App. at 705. Theft of a firearm is a crime which requires proof of ownership as an element. The information simply stated that Mr. Ralph did steal firearms from the store. Although steal may appear sufficient to convey the necessary elements, case law clearly holds it does not convey the ownership element. Although it seems disingenuous to hold that steal was insufficient to notify Mr. Ralph of the nature of the charge against him, so long as *Morgan* is controlling we have no choice but to hold the information did not convey the ownership element. Case law is silent about whether "steal" adequately conveys the intent to deprive. Although we could find that "steal" conveys an intent to deprive, we are still required to reverse because it does not convey the ownership element. While logic may compel a different result we are required to find the information constitutionally deficient.

■ Having found the information constitutionally deficient, defendant is entitled to a dismissal without prejudice to the State's ability to refile the charges. *Vangerpen*, 125 Wn.2d at 792-93; *Bacani*, 79 Wn. App. at 705. Thus, Mr. Ralph's conviction for theft of a firearm is reversed and dismissed without prejudice to refile.

SCHULTHEIS, A.C.J., and BROWN, J., concur.