[No. 40553-5-I.    Division One.    March 30, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. S.E.,
*Appellant*.

*Jason B. Saunders* of *Washington Appellate Project*, for
appellant.

*Norm Maleng, Prosecuting Attorney,* and *Andrew J. Ries, Deputy,* for respondent.

PER CURIAM — Under RCW 66.44.270(2)(b), "[i]t is unlawful for a person under the age of twenty-one years to be in a public place . . . while exhibiting the effects of having consumed liquor." S.E. appeals his disposition for minor in possession of liquor, arguing that it cannot stand because the juvenile court erred by concluding that he was in a public place.[1] We agree, and reverse S.E.'s juvenile court disposition for minor in possession of liquor.

The juvenile court found that police located S.E. on the back patio of a residence, and concluded that S.E. was guilty of the crime of minor in possession of liquor. We review a conclusion of law based on findings of fact to determine whether the trial court's findings are supported by substantial evidence, and if so, whether those findings support the conclusion of law.[2]

At S.E.'s adjudicatory hearing, testimony established that the police responded to a dispatch that there was a burglary in progress at an apartment complex. When police approached S.E., he was standing on the back patio area of a ground floor apartment. Police described the area as a little alcove with a glass slider. S.E. moved to dismiss the charge of minor in possession of liquor because the State had failed to prove that he was in a public place when he was found to be intoxicated. The juvenile court denied the

---

[1]S.E. only challenges the public place element of his disposition for minor in possession of liquor. S.E. does not challenge his disposition for malicious mischief in the third degree.

[2]*State v. Graffius,* 74 Wn. App. 23, 29, 871 P.2d 1115 (1994).

motion, finding that the entire area outside the four walls of the apartment was a public place. The court noted that "it is very clear that this is a walk-through walkway area between the two complexes, patio going out to the common area."

We hold that the trial court's findings do not support the conclusion that S.E. is guilty of minor in possession of liquor. The statutory definition of public place includes a list of places specifically classified as public.[3] Because a back patio is not one of the places specifically listed, we turn to a provision at the end of that list which includes in the definition of public places "all other places of like or similar nature to which the general public has unrestricted right of access, and which are generally used by the public."[4] A back patio of a residence is not a place to which the general public has "unrestricted right of access," or which is "generally used by the public."[5] A back patio is not a public place under RCW 66.04.010(23).

According to the State, the juvenile court found that S.E. was located by police on a walk-through walkway. The State argues that a walk-through walkway easily fits within the statutory definition of public place. We reject this argument on two grounds. First, although the juvenile court

---

[3]*See* RCW 66.04.010(23) (1996). This list of places specifically classified as public places includes

> streets and alleys of incorporated cities and towns; state or county or township highways or roads; buildings and grounds used for school purposes; public dance halls and grounds adjacent thereto; those parts of establishments where beer may be sold under this title, soft drink establishments, public buildings, public meeting halls, lobbies, halls and dining rooms of hotels, restaurants, theatres, stores, garages and filling stations which are open to and are generally used by the public and to which the public is permitted to have unrestricted access; railroad trains, stages, and other public conveyances of all kinds and character, and the depots and waiting rooms used in conjunction therewith which are open to unrestricted use and access by the public; publicly owned bathing beaches, parks, and/or playgrounds[.]

RCW 66.04.010(23). Under the current statute, the definition of public place is found at RCW 66.04.010(27). The definition has not changed.

[4]RCW 66.04.010(23).

[5]*Id.*

referred to the general area in which S.E. was found as a walk-through walkway, it found that S.E. was located on the back patio of the residence, and that the patio was one "going out to the common area." Second, a common area walkway in an apartment complex also does not fit the statutory definition of public place because it is not a place to which the general public has "unrestricted right of access," or which is "generally used by the public."[6]

S.E. argues that the juvenile court's disposition may not be upheld under subsection (a) of the minor in possession of liquor statute. We agree. Under RCW 66.44.270(2)(a) it is unlawful for a person under the age of twenty-one to "possess, consume, or otherwise acquire any liquor." Although the information charged S.E. under RCW 66.44.270(2), it is clear from the language of the information that S.E. was charged under RCW 66.44.270(2)(b).[7] It is reversible error to try a defendant under an uncharged statutory alternative, because doing so would violate the defendant's right to notice of the crime charged.[8] Therefore, we may not uphold his disposition of minor in possession of liquor under this statutory alternative means.

Because a back patio of a residence is not a public place under RCW 66.04.010(23), this element of the crime of minor in possession of liquor, under RCW 66.44.270(2)(b), has not been proven. The State must prove beyond a reasonable doubt every fact necessary to constitute a crime.[9] Therefore, we reverse S.E.'s disposition for minor in possession of liquor.

---

[6]*Id.*

[7]The information charged that S.E., "on or about 24 October 1996, while in a public place did exhibit the effects of having consumed liquor while under twenty-one years of age."

[8]*See State v. Doogan*, 82 Wn. App. 185, 188, 917 P.2d 155 (1996) (citing *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988)).

[9]*State v. McCullum*, 98 Wn.2d 484, 489, 656 P.2d 1064 (1983).