4 P.3d 145 (2000)
101 Wash.App. 486
STATE of Washington, Respondent,
v.
Michael J. TRESENRITER, Appellant.
No. 23303-7-II.
Court of Appeals of Washington, Division 2.
July 14, 2000.
*146 Thomas Edward Doyle, Robert Quillian (Court Appointed), Hansville, for Appellant.
Edward G. Holm, Prosecuting Attorney, and Robert Alan Lund, Thurston County Deputy Pros. Atty., Olympia, for Respondent.
ARMSTRONG, C.J.
Michael Tresenriter appeals from convictions of burglary in the first degree while armed with a deadly weapon, nine counts of theft of a firearm, and possession of stolen property in the second degree. The charges were based upon the burglary of a home in which firearms and valuable Samurai sword decorations were stolen. Tresenriter contends that the information was constitutionally deficient and that he was convicted of an uncharged alternative means. Tresenriter raises a number of other issues, including whether some of the convictions encompass the same course of criminal conduct. Because *147 the information is defective in part, we reverse and dismiss without prejudice the burglary conviction; we affirm the remaining convictions, but remand for the trial court to recompute Tresenriter's offender score.

FACTS
Robert Rezanka's house was burglarized in June 1997. Ten operational firearms were taken from a safe, as well as Manuki figurines made of gold and silver and used to decorate the hilt of a Samurai sword. Two co-conspirators testified that Tresenriter participated in the burglary. During a search of Tresenriter's motor home, police recovered some of the stolen property.
Tresenriter was charged with burglary in the first degree while armed with a deadly weapon, ten counts of theft of a firearm, and possession of stolen property in the second degree.

ANALYSIS

I. Burglary
The amended information charged Tresenriter with:
BURGLARY IN THE FIRST DEGREE WHILE ARMED WITH A DEADLY WEAPON, RCW 9A.52.020 & RCW 9.94A.125 & 310
In that the defendant, MICHAEL JAY TRESENRITER, in the County of Thurston, State of Washington, on or about June 23, 1997, with intent to commit a crime against a person therein, as a principle or as an accomplice, entered or remained unlawfully in a building at 5633 Waldrick Road Olympia WA, and while in the building was armed with a deadly weapon. It is further alleged that the defendant was armed with a deadly weapon, to-wit: a firearm.
(Emphasis added.) But, jury instruction 8, to which neither party objected, stated:
A person commits the crime of burglary in the first degree when he or she enters or remains unlawfully in a building with the intent to commit a crime against a person or property therein and if, in entering or while in the building, or in immediate flight therefrom, that person or an accomplice in the crime is armed with a deadly weapon.[1]
(Emphasis added.)
Tresenriter asserts that the manner of committing a crime, whether against a person or against property, is an element of the crime and so must be stated in the information. He argues that the information charged only one means of committing the crime of burglary, i.e., with intent to commit a crime against a person. Thus, according to Tresenriter, the court erred in allowing the jury to consider the alternative means, i.e., with intent to commit a crime against property. The remedy, according to Tresenriter, is dismissal with prejudice.[2] Citing State v. Hescock, 98 Wash.App. 600, 989 P.2d 1251 (1999), Tresenriter further argued at oral argument that to allow the State to prosecute him for the uncharged alternative means violates double jeopardy principles. The State contends that under the rule of liberal construction the information gave Tresenriter notice of the charges. Specifically, the State argues that the allegations of theft and possession of stolen property gave notice to Tresenriter that he was charged with committing the burglary with intent to commit crimes against property.
*148 Generally, a charging document must contain "[a]ll essential elements of a crime" so as to give the defendant notice of the charges and allow the defendant to prepare a defense. State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991). But the standard of review depends on when the charging document is challenged. Kjorsvik, 117 Wash.2d at 103, 812 P.2d 86. When, as here, the defendant challenges the charging document for the first time on appeal, we liberally construe the document in favor of validity. Kjorsvik, 117 Wash.2d at 105, 812 P.2d 86. This encourages defendants who recognize a charging defect to raise an objection when the defect can be cured by amendment. Kjorsvik, 117 Wash.2d at 103, 812 P.2d 86.
Under the liberal construction rule, "even if there is an apparently missing element, [if] it may be able to be fairly implied from language within the charging document," then the charging document will be upheld on appeal. Kjorsvik, 117 Wash.2d at 104, 812 P.2d 86. Thus, we look at the entire information to determine if it contains the necessary allegations. Kjorsvik, 117 Wash.2d at 104, 812 P.2d 86. The test is: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" Kjorsvik, 117 Wash.2d at 105-106, 812 P.2d 86.
Here, even if liberally construed, the information is deficient. The State alleged that Tresenriter burgled Rezanka's house with intent to commit a crime against person. In the firearms charges, the State alleged:
In that the defendant, MICHAEL JAY TRESENRITER, in the County of Thurston, State of Washington, on or about June 23, 1997, as a principal or as an accomplice pursuant to RCW 9A.08.020, did commit a theft of or possess, sell, or deliver a stolen firearm regardless of value, to-wit: [name of specific firearm].
But nothing in the information connects the burglary with the firearm thefts except the date. If the information alleged that the thefts occurred at the burgled residence or that the same victim was involved, we could construe the information to give adequate notice to Tresenriter. But it is entirely possible that the State was charging Tresenriter with separate crimes committed on the same day. We hold that the information is inadequate, even liberally construed, to give notice to Tresenriter of the crimes charged. Because the information fails the first prong of Kjorsvik, we need not consider the second prong, i.e., whether Tresenriter was actually prejudiced. Kjorsvik, 117 Wash.2d at 111, 812 P.2d 86; City of Auburn v. Brooke, 119 Wash.2d 623, 638, 836 P.2d 212 (1992); State v. Moavenzadeh, 135 Wash.2d 359, 956 P.2d 1097 (1998); but see State v. Williamson, 84 Wash.App. 37, 45, 924 P.2d 960 (1996) (information did not satisfy first prong of Kjorsvik and prejudice was presumed).
We turn then to the question of whether Tresenriter is entitled to dismissal with or without prejudice. Under a Kjorsvik analysis, the remedy is clearly dismissal without prejudice. Brooke, 119 Wash.2d at 638, 836 P.2d 212. The State, by not charging the alternative means of committing a burglary, i.e., with intent to commit a crime against property, did not provide Tresenriter with the necessary notice. Thus, the information was constitutionally defective. And the remedy for an insufficient information is reversal without prejudice. State v. Vangerpen, 125 Wash.2d 782, 792-93, 888 P.2d 1177 (1995). Tresenriter maintains, however, that our recent decision in Hescock compels a dismissal with prejudice. We disagree.
In Hescock, a juvenile was charged with forgery by two alternative means: (1) altering the document himself; or (2) possessing an altered document with knowledge that it was altered. Hescock, 98 Wash.App. at 603, 989 P.2d 1251. The juvenile court found the juvenile guilty under the first alternative. But on appeal, the State conceded that the evidence was insufficient to prove that the juvenile had altered the check. The State asked that we remand for the juvenile court to consider whether the juvenile was guilty under the second alternative. We held that to do so would violate the double jeopardy clause. Hescock, 98 Wash.App. at 611, 989 *149 P.2d 1251. We reasoned, in part, that the juvenile court's adjudication of guilt under the first alternative was an implied finding that the other alternative had not been proved. Hescock, 98 Wash.App. at 606, 989 P.2d 1251. Thus, to remand for further proceedings on the second alternative would subject the juvenile to again face a charge on which he had been impliedly acquitted.
The critical difference here is that Tresenriter was never charged with the alternative of committing a burglary with intent to commit a crime against property. Accordingly, his conviction of one count does not imply a rejection of this uncharged count. Rather, conviction of a crime not charged is a nullity and a defendant so convicted has never been in jeopardy. State v. Corrado, 81 Wash.App. 640, 915 P.2d 1121 (1996) (double jeopardy did not bar the retrial of defendant convicted of attempted second degree murder without a filed information); State v. Corrado, 78 Wash.App. 612, 898 P.2d 860 (1995) (because the State failed to file any information against defendant, the trial court lacked jurisdiction, and its judgment and sentence were void).
We reverse and dismiss without prejudice Tresenriter's burglary conviction.

II. Theft of Firearms
Tresenriter also asserts that his nine convictions for theft of a firearm must be reversed because the information failed to charge essential elements of the crime. For each count of theft of a firearm, the first amended information stated:
THEFT OF FIREARM, RCW 9A.56.300
In that the defendant, MICHAEL JAY TRESENRITER, in the County of Thurston, State of Washington, on or about June 23, 1997, as a principal or as an accomplice pursuant to RCW 9A.08.020, did commit a theft of or possess, sell, or deliver a stolen firearm regardless of value, to-wit: (name of specific firearm).
Specifically, Tresenriter argues that the information failed to allege a wrongful taking or unauthorized control, ownership of the firearms by someone other than Tresenriter, and intent to deprive.
Again, because the challenge comes after conviction, we liberally construe the information. And the information need not use the exact words of a statute "so long as the words used adequately convey the same meaning." State v. Ralph, 85 Wash.App. 82, 85, 930 P.2d 1235 (1997). The question is whether the missing elements can be implied from the allegation that Tresenriter "did commit a theft." Theft means to wrongfully obtain or exert unauthorized control over the property of another with intent to deprive. RCW 9A.56.020(1)(a). The Supreme Court has said "the term `theft' is arguably adequate to convey an intentional, wrongful taking of the property of another." Moavenzadeh, 135 Wash.2d at 364, 956 P.2d 1097. Although dicta, we agree. The term "theft" is commonly understood to include taking property of another with the intent to deprive. We conclude that, liberally construed, the missing elements can be inferred from the allegation of theft.

III. Possession of Stolen Property
Tresenriter also challenges the sufficiency of the charge of possession of stolen property. The information alleged:
In that the defendant, MICHAEL JAY TRESENRITER, ... did knowingly possess property of a value greater than $250 knowing it was stolen.
Tresenriter argues that the charge is deficient because it gives no notice "as to what the property was, where the property was located when he allegedly possessed it, or if it was connected to the thefts and burglary." But none of these are elements of the crime of possession of stolen property.[3] At best, the allegation may have been too general. And Tresenriter's remedy for this was to ask *150 for a bill of particulars. State v. Leach, 113 Wash.2d 679, 687, 782 P.2d 552 (1989). We hold that the information sufficiently alleged the elements of possession of stolen property.

IV. Tresenriter's Offender Score
In addition to the burglary conviction, Tresenriter was convicted of nine counts of theft of a firearm and one count of possession of stolen property in the second degree. Tresenriter argues that the convictions for theft of firearms and possession of stolen property encompass the same course of criminal conduct for purposes of calculating his offender score. The State contends that the nine firearm thefts are separate offenses, which the trial court had discretion to punish separately under the burglary anti-merger statute, RCW 9A.52.050. Although we have reversed Tresenriter's burglary conviction, we address this issue in the event Tresenriter is again convicted of burglary.
Under RCW 9A.52.050, "[e]very person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately." Thus, the anti-merger statute contains both sentencing and charging language. State v. Smith, 99 Wash.App. 510, 517, 990 P.2d 468 (2000). The Supreme Court has specifically held that "[t]he plain language of RCW 9A.52.050 expresses the intent of the Legislature that `any other crime' committed in the commission of a burglary would not merge with the offense of first-degree burglary when a defendant is convicted of both." State v. Sweet, 138 Wash.2d 466, 478, 980 P.2d 1223 (1999). Even if the burglary and other crime involve the same criminal conduct, the trial court has discretion to punish burglary separately from the other crime. State v. Lessley, 118 Wash.2d 773, 781, 827 P.2d 996 (1992). Because Tresenriter was convicted of burglary, and nine counts of theft of a firearm,[4] and one count of possession of stolen property, the trial court had discretion to apply the burglary anti-merger statute and punish the burglary separate from the theft counts and the stolen property count.
The question then becomes whether all nine convictions of theft of a firearm may be counted separately in determining Tresenriter's offender score or if the convictions must be treated as a single offense under RCW 9.94A.400(1)(a). "RCW 9.94A.400(1)(a) requires multiple current offenses encompassing the same criminal conduct to be counted as one crime in determining the defendant's offender score." State v. Tili, 139 Wash.2d 107, 118, 985 P.2d 365 (1999). For this subsection, "same criminal conduct" is defined as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.400(1)(a). The Supreme Court has already stated that "[b]ecause sentences determined under RCW 9.94A.400(1)(a) are served concurrently, `it seems clear that the legislative plan accepts the possibility that a single act may result in multiple convictions, and simply limits the consequences of such convictions.'" Tili, 139 Wash.2d at 119, 985 P.2d 365 (quoting State v. Calle, 125 Wash.2d 769, 781-82, 888 P.2d 155 (1995)). Although the burglary anti-merger statute permits burglary and other crimes to be charged and punished separately, the more specific sentencing statute, RCW 9.94A.400(1)(a), must be applied to the other crimes if they encompass the same course of criminal conduct. State v. Simonson, 91 Wash.App. 874, 960 P.2d 955 (1998). This complies with the rule of statutory construction that the terms of a specific statute control over those of a general statute if there is any conflict. Waste Management of Seattle, Inc. v. Utilities and Transp. Comm'n, 123 Wash.2d 621, 630, 869 P.2d 1034 (1994).
Here, the firearm theft convictions meet the criteria for same criminal conduct under RCW 9.94A.400(1)(a). Tresenriter's firearm convictions involved the same criminal intent, to steal and possess Rezanka's firearms. Each was committed at the same time and place, the Rezanka house. And in each, Rezanka was the victim. Therefore, the nine *151 counts of theft of a firearm constitute the same criminal conduct and Tresenriter's offender score was erroneously computed for these convictions.
However, possession of stolen property in the second degree does not encompass the same criminal conduct as the firearm thefts because the criminal intent is different. By statutory definition, possession of stolen property in the second degree does not include firearms. RCW 9A.56.160.
Tresenriter's theft convictions stand but we remand to the trial court for resentencing of these convictions under RCW 9.94A.400(1)(a).
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
HOUGHTON, J., and BRIDGEWATER, J., concur.
NOTES
[1] Tresenriter also argued that he received ineffective assistance of counsel because his trial counsel did not object to this instruction. Because we reverse the burglary conviction, we need not address this issue.
[2] An erroneous jury instruction is generally presumed prejudicial unless the error was harmless. State v. Bray, 52 Wash.App. 30, 34-35, 756 P.2d 1332 (1988) (error was not harmless where defendant was charged with one alternative means of committing forgery and the instructions allowed the jury to convict defendant of a crime not charged); State v. Severns, 13 Wash.2d 542, 125 P.2d 659 (1942) (holding it was error to permit jury to consider two statutory means of committing crime when only one of the alternatives was charged in the information). But under State v. Kjorsvik, 117 Wash.2d 93, 105-106, 812 P.2d 86 (1991), the issue of prejudice is addressed only if the "necessary facts appear in any form, or by fair construction can they be found, in the charging document." Tresenriter also relies on State v. Doogan, 82 Wash.App. 185, 917 P.2d 155 (1996), but in Doogan prejudice under Bray was analyzed under the prejudice prong of ineffective assistance of counsel.
[3] RCW 9A.56.160 defines possession of stolen property in the second degree to include possession of "stolen property other than a firearm as defined in RCW 9.41.010 which exceeds two hundred fifty dollars in value but does not exceed one thousand five hundred dollars in value." Possession of stolen property means "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1).
[4] RCW 9A.56.300(3) authorizes the State to charge multiple counts of theft of a firearm for "[e]ach firearm taken in [a] theft under this section is a separate offense."