# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49809-0-II |
| Respondent, | |
| v. | |
| W.N., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — W.N. appeals his juvenile court adjudication for third degree possessing stolen property.  W.N. argues that (1) the State presented insufficient evidence to support his adjudication because the State failed to show that he had knowledge that the property was stolen and (2) the information was constitutionally deficient because it did not specifically describe the stolen property.  We affirm W.N.'s adjudication.

FACTS

W.N. lived with his aunt, Heidi Murray, for a period of time until October 2015.  When W.N. was living in Murray's home, she allowed W.N. to use her bicycle upon obtaining her permission.

On August 22, 2016, Murray discovered that her bicycle had been taken from her garage.  Murray called the police and reported that the bicycle had been stolen.

Later, Murray learned that her bicycle was at a local youth center.  Murray contacted the youth center, and an employee reported that W.N. had left the bicycle there.  Murray retrieved the bicycle and identified it as her stolen bicycle.

The State filed an information charging W.N. with third degree possessing stolen property.[1] The information alleged that W.N. "did knowingly receive, retain, possess, conceal, or dispose of stolen property, of a value not exceeding $750, knowing that it had been stolen and did withhold or appropriate the property to the use of a person other than the true owner or person entitled thereto." Clerk's Papers (CP) at 1. W.N. did not challenge the sufficiency of the information at the fact-finding hearing.

Witnesses testified to the above facts at the fact-finding hearing. Murray testified, stating that W.N. did not have her permission to use her bicycle on August 21. W.N.'s mother testified that Murray bought the bicycle for W.N. and that she was present when Murray told W.N. that she had purchased the bicycle for him.

W.N. also testified. W.N. admitted that he took the bicycle from Murray's home and left it at the youth center. W.N. said that he did not plan on returning the bicycle to Murray. W.N. stated that Murray bought the bicycle for him.

The juvenile court entered findings of fact and conclusions of law and adjudicated W.N. guilty of third degree possessing stolen property. W.N. appeals.

ANALYSIS

W.N. argues that (1) the State presented insufficient evidence to support his adjudication of third degree possessing stolen property because the State failed to show that he had knowledge that the property was stolen and (2) the information was constitutionally deficient because it did not specifically describe the stolen property. We disagree.

---

[1] RCW 9A.56.170(1).

## I. SUFFICIENCY OF THE EVIDENCE

W.N. argues that the State presented insufficient evidence to support his adjudication of third degree possessing stolen property because the State failed to show that he had knowledge that the property was stolen. We disagree.

Evidence is sufficient to support a conviction when, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Montgomery*, 163 Wn.2d 577, 586, 183 P.3d 267 (2008). In reviewing a juvenile court adjudication, we must determine whether substantial evidence supports the juvenile court's findings of fact and, in turn, whether the findings support the conclusions of law. *See State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). A claim of sufficiency admits the truth of the State's evidence and all reasonable inferences therefrom. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. 150 Wn.2d at 874-75. Where, as here, the findings of fact are unchallenged, we consider them verities on appeal. *Homan*, 181 Wn.2d at 106.

To adjudicate W.N. of third degree possessing stolen property, the State must prove that W.N. possessed stolen property that did not exceed $750 in value. RCW 9A.56.170(1)(a). "Possessing stolen property" means to knowingly "receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner of person entitled thereto." RCW 9A.56.140(1). A person acts knowingly when (1) he is aware of facts or circumstances described by a statute defining an offense or (2) he has information that would lead a reasonable person in the same

3

situation to believe that facts described by a statute defining an offense exist.  RCW 9A.08.010(1)(b).

After the fact-finding hearing, the juvenile court entered findings of fact and conclusions of law.  The juvenile court found that Murray owned the bicycle at issue in this case and that W.N. was allowed to use the bicycle with Murray's permission.  The juvenile court also found that W.N. believed Murray bought the bicycle for him but that he could not remember when this conversation occurred.  W.N. also stated that he took the bicycle from Murray's residence.

The juvenile court concluded that W.N. and his mother believed that Murray purchased the bicycle for W.N. but that there was not sufficient evidence to support W.N. and his mother's belief.  The juvenile court expanded on this conclusion during its oral ruling, noting that it did not find W.N.'s or his mother's testimony regarding this belief to be credible.  Additionally, the juvenile court concluded that Murray did not give W.N. permission to use the bicycle on August 21, Murray did not implicitly consent to W.N. taking the bicycle, and W.N. clearly withheld the bicycle from Murray with no intentions of returning it.  The juvenile court adjudicated W.N. guilty of third degree possessing stolen property.

Viewing all facts and inferences in the light most favorable to the State, the juvenile court judge had sufficient evidence to find, beyond a reasonable doubt, that W.N. knowingly possessed a stolen bicycle.  The juvenile court concluded that Murray did not give W.N. permission to use the bicycle.  W.N. stated that he took the bicycle from Murray's garage without plans to return it.  Although the juvenile court found that W.N. testified that Murray purchased the bicycle for W.N., the juvenile court determined that W.N. and his mother's testimony in this regard was not credible and concluded that this belief was unrealistic.  Moreover, we defer to the juvenile court

4

on issues concerning conflicting testimony and the credibility of witnesses. *Thomas*, 150 Wn.2d at 874-75. The juvenile court's findings of fact are verities on appeal, and the juvenile court's findings support its conclusions of law. Accordingly, sufficient evidence supports W.N.'s adjudication of third degree possessing stolen property.

## II. SUFFICIENCY OF THE INFORMATION

W.N. argues that the information was constitutionally deficient because it did not specifically describe the stolen property. We disagree.

We review challenges to the sufficiency of a charging document de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). Where, as here, a challenge to the sufficiency of a charging document is made for the first time on appeal, we liberally construe the charging document in favor of validity. *State v. Taylor*, 140 Wn.2d 229, 237, 996 P.2d 571 (2000). To be constitutionally adequate, a charging document must contain all essential elements of a crime to give the accused notice of the charges and to allow the accused to prepare a defense. *State v. Winings*, 126 Wn. App. 75, 84, 107 P.3d 141 (2005). The description of stolen property and the location of stolen property are not essential elements of a possession of stolen property charge. *State v. Tresenriter*, 101 Wn. App. 486, 495, 4 P.3d 145, 14 P.3d 788 (2000).

The State charged W.N. with third degree possessing stolen property by information. The information stated:

> That the said respondent, [W.N.], in Grays Harbor County, Washington, on or about August 21, 2016, did knowingly receive, retain, possess, conceal, or dispose of stolen property, of a value not exceeding $750, knowing that it had been stolen and did withhold or appropriate the property to the use of a person other than the true owner or person entitled thereto.

CP at 1. W.N. did not object to the sufficiency of the information.

W.N. contends that the information was constitutionally deficient because it failed to include a specific description of the stolen property. However, W.N.'s argument fails because a description of stolen property is not an essential element of third degree possessing stolen property. *Tresenriter*, 101 Wn. App. at 495. Construing the information liberally, the information contained all the essential elements of third degree possessing stolen property and it gave W.N. notice of the charges filed. Accordingly, the information was constitutionally adequate.

We affirm W.N.'s adjudication of third degree possessing stolen property.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.