# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58591-0-II |
| Respondent, | Consolidated with No. 58848-0-II |
| v. | |
| LEVI JOHN BAALAER | UNPUBLISHED OPINION |
| Appellant. | |

Lee, J. — Levi J. Baalaer appeals from his convictions for one count of second degree possession of stolen property and one count of first degree trafficking in stolen property. Baalaer argues that the charging information was constitutionally deficient because it did not specifically describe the stolen property. We hold that Baalaer's arguments fail and affirm his convictions.

FACTS

In June 2020, Lewis County law enforcement received reports of stolen property, including a tractor and a plate compactor.

Around the same time, Deputy Derrick Vachon received a tip from a woman "about some activities that she believed was illegal that was happening on her property" in Winlock. 5 Verbatim Rep. of Proc. (VRP) (Feb. 14, 2023) at 242. The woman showed Deputy Vachon a photograph of a plate compactor. The woman also told Deputy Vachon that two men—Shawn Anderson and Baalaer—were involved in the reported thefts. After the plate compactor's owner confirmed the

plate compactor in the photograph was his, Deputy Vachon secured a search warrant for the Winlock property.

Deputy Vachon and other law enforcement officers executed the search warrant on June 18. Anderson was present for the search and provided law enforcement with a description of the property he had stolen and how it was acquired. Anderson also told law enforcement Baalaer stole the property with him. Law enforcement arrested Anderson.

Deputy Blake Teitzel helped execute the search warrant on June 18. After the search, Deputy Teitzel was informed there was probable cause to arrest Baalaer. Deputy Teitzel located Baalaer and arrested him.

After Baalaer's arrest, Baalaer's mother contacted law enforcement regarding a possible stolen tractor on her property. According to Baalaer's mother, Baalaer told her the tractor was a birthday gift for his father. That "just sounded like a shady deal," so Baalaer's mother contacted law enforcement. 5 VRP (Feb. 14, 2023) at 172.

Deputy Teitzel went to Baalaer's mother's residence, ran the VIN (vehicle identification number) of the tractor he found there, and learned it had been reported stolen. Deputy Teitzel informed the tractor's owners that the tractor had been located.

The State charged Baalaer with several crimes under three separate cause numbers. Relevant here, Baalaer was ultimately charged under cause number 20-1-00725-21 with one count

of possessing stolen property in the second degree and one count of trafficking in stolen property in the first degree.[1]

The amended information stated:

COUNT I

POSSESSING STOLEN PROPERTY IN THE SECOND DEGREE

On or about 14th day of June 2020 in the County of Lewis, State of Washington, the above-named defendant did knowingly receive, retain, possess, conceal, and dispose of stolen property, of a value in excess of $750, knowing that it had been stolen, and did withhold and appropriate the same to the use of a person other than the true owner and person entitled thereto; Contrary to RCW 9A.56.160(1)(a) and 9A.56.140(1).

. . . .

COUNT II

TRAFFICKING IN STOLEN PROPERTY IN THE FIRST DEGREE

On or about 14th day of June 2020 in the County of Lewis, State of Washington, the above-named defendant did knowingly sell, transfer, distribute, dispense or otherwise dispose of stolen property belonging to another person, or did knowingly buy, receive, possess or obtain control of such stolen property, with intent to sell, transfer, distribute, dispense or otherwise dispose of the property to another person; Contrary to RCW 9A.82.050.

Clerk's Paper (No. 58848-0-II) at 9-10.

All charges in the three cause numbers were joined for trial, and trial began in February 2023. The State called several witnesses, including Anderson, Baalaer's mother, and deputies Vachon and Teitzel, all of whom testified to the facts stated above.

---

[1] Baalaer was also charged under cause number 20-1-00510-21 with two counts of theft of a motor vehicle and one count of second degree theft. Under cause number 20-1-00670-21, Baalaer was charged with three additional counts of theft of a motor vehicle and one additional count of second degree theft. All three cause numbers were joined for trial. However, Baalaer only appeals his convictions for possessing stolen property in the second degree and trafficking in stolen property in the first degree as charged in cause number 20-1-00725-21.

The jury found Baalaer guilty of all charges except the two theft of a motor vehicle counts under cause number 20-1-00510-21. The trial court sentenced Baalaer to 14 months on the possession of stolen property conviction and 43 months on the trafficking in stolen property conviction, with both sentences to be served concurrently.

Baalaer appeals.[2]

## ANALYSIS

Baalaer argues that the amended information which set out the charges "was constitutionally deficient as to both . . . charges because it fails to identify the property that was stolen or trafficked, an essential element and necessary fact of the offenses." Br. of Appellant at 9. We disagree.

A.  LEGAL PRINCIPLES

A criminal defendant has a constitutional right to notice of the crimes with which they are charged. WASH. CONST. art. I, § 22; U.S. CONST. amend. VI.; *see also State v. Canela*, 199 Wn.2d 321, 328, 505 P.3d 1166 (2022). CrR 2.1(a)(1) requires that the charging information contain "a plain, concise and definite written statement of the essential facts constituting the offense charged."

"[T]o be constitutionally adequate, a charging document must contain all essential elements of the charged crime. Essential elements are those elements of a crime 'necessary to establish the very illegality of the behavior charged.'" *Canela*, 199 Wn.2d at 328 (internal

---

[2] Baalaer filed notices of appeal under cause numbers 20-1-00510-21 and 20-1-00725-21. A commissioner of this court consolidated the two appeals. However, Baalaer's briefing only addresses his possession of stolen property in the second degree and trafficking of stolen property in the first degree convictions under cause number 20-1-00725-21.

quotation marks omitted) (quoting *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013)). The purpose of the "essential elements rule" is to notify the defendant of the nature of the crime or crimes against which they must defend themselves. *Id*.

A defendant can challenge an information setting forth the charges at any time. *Id.* at 329. However, where a defendant challenges the charging information for the first time on appeal, this court applies "a presumption in favor of the validity of the charging documents." *Id*. The applicable test asks: "'(1) [D]o the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?'" *Id.* (alteration in original) (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991)). Because Baalaer challenges the amended information for the first time on appeal, the amended information must be "liberally construed in favor of validity." *Kjorsvik*, 117 Wn.2d at 102.

B.    POSSESSION OF STOLEN PROPERTY

Baalaer argues that an information charging possession of stolen property must specifically describe the stolen property at issue. However, in *State v. Tresenriter*, we explained that neither the property alleged to have been stolen nor the place where the property was allegedly located were essential elements of the crime of possession of stolen property. 101 Wn. App. 486, 495, 4 P.3d 145 (2000), *review denied*, 143 Wn.2d 1010 (2001).

Like Baalaer, Tresenriter was charged with second degree possession of stolen property. *Id.* at 489. The charging information in *Tresenriter* read, "In that the defendant, MICHAEL JAY TRESENRITER, . . . did knowingly possess property of a value greater than $250 knowing it was

stolen." *Id.* at 494 (alteration in original). Tresenriter argued that the charging information was deficient because it did not provide "notice 'as to what the property was, where the property was located when he allegedly possessed it, or if it was connected to the thefts and burglary.'" *Id.* at 495. We rejected that argument and held that the information sufficiently alleged the elements of the crime of possession of stolen property. *Id.* We also noted that "[a]t best, the allegation may have been too general. And Tresenriter's remedy for this was to ask for a bill of particulars." *Id.*

Baalaer relies on *State v. Greathouse*, 113 Wn. App. 889, 56 P.3d 569 (2002), *review denied*, 149 Wn.2d 1014 (2003), *Edwards v. United States*, 266 F. 848 (4th Cir. 1920), and *State v. Kuhnley*, 74 Ariz. 10, 242 P.2d 843 (1952), to support his argument. We are not persuaded. *Edwards* and *Kuhnley* come from the Fourth Circuit Court of Appeals and the Arizona Supreme Court, respectively, and are not binding on this court. Furthermore, *Greathouse* is distinguishable as the issue in *Greathouse* was whether the identity of the owner of the stolen property in a charge for theft by embezzlement must be named in the information. 113 Wn. App. at 903. The *Greathouse* court explained that failing to name the owner of the alleged embezzled property or the victim of the alleged theft "does not invalidate the information or render it constitutionally insufficient." *Id.* at 905. Thus, Baalaer fails to cite apt legal support for his argument that an information charging a crime involving stolen property must specifically describe the stolen property at issue.

Moreover, Baalaer fails to argue prejudice. *See State v. Lindsey*, 177 Wn. App. 233, 246, 311 P.3d 61 (2013) (challenge to constitutional adequacy of information fails because the defendant failed to argue prejudice and, thus, failed in his burden to show prejudice), *review*

*denied*, 180 Wn.2d 1022 (2014). To the extent Baalaer contends that he is prejudiced because he is unable to "plead the judgment as a bar to any subsequent prosecution for the same offense," a similar argument has been rejected by our supreme court in *State v. Easton*, 69 Wn.2d 965, 422 P.2d 7 (1966). Br. of Appellant at 17. "'[I]f the judgment subsequently should be pleaded in bar of another prosecution,'" the identity of the property can be "'established by looking to other descriptive allegations or by resorting to oral testimony.'" 69 Wn.2d at 968-69 (quoting *State v. Martin*, 94 Wash. 313, 316, 162 P. 356 (1917)). Thus, it "is inconceivable that [Easton's] right to a plea of former jeopardy could be impaired." *Id.* at 969.

Baalaer's argument that an information charging possession of stolen property must specifically describe the stolen property at issue fails.

C. TRAFFICKING IN STOLEN PROPERTY

Baalaer appears to argue that an information charging trafficking in stolen property must specifically describe the stolen property at issue. However, Baalaer fails to cite any case holding that a description of the stolen property is required in an information charging the crime of trafficking in stolen property. Thus, we assume there is no such case or requirement. *See State v. Houser*, 30 Wn. App. 2d 235, 280, 544 P.3d 564 (where appellant fails to cite authority supporting a proposition, this court may assume appellant diligently searched for such authority but found none), *review denied*, 3 Wn.3d 1015 (2024). To the extent Baalaer argues that an information charging trafficking in stolen property must specifically describe the stolen property at issue, that argument fails.

CONCLUSION

We affirm Baalaer's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.